439 P.2d 526

**MARICOPA COUNTY, a body politic, Petitioner,**

v.

**The Honorable Howard V. PETERSON, Judge of the Superior Court of Maricopa County, State of Arizona, and William R. Fitzgerald and Margaret Fitzgerald, husband and wife, Respondents.**

**No. 1 CA–CIV 802.**

Court of Appeals of Arizona.

April 2, 1968.

Rehearing Denied April 25, 1968.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph E. Mahowald, Jr., Phoenix, for petitioner.

Langerman, Begam & Lewis, by Jack Levine, Phoenix, for the Real Parties in Interest Fitzgerald.

STEVENS, Judge.

The Court is faced with a very limited question relating to discovery under Rule 34, Rules of Civil Procedure, 16 A.R.S. The question is whether a plaintiff is entitled to inspect and copy the report of the defendant's non-medical expert before taking the deposition of the expert.

Mr. and Mrs. Fitzgerald are the plaintiffs in a motor vehicle personal injury action filed in the Superior Court for Maricopa County as Cause No. 175796. The petitioner herein is one of the defendants. The petitioner, through its attorney, consulted with a recognized expert in the field of the reconstruction of automobile accidents. The expert rendered his report to the petitioner's attorneys. The expert is a resident of California.

In the Superior Court the Fitzgeralds filed a motion to produce the report for inspection and copying. The motion was resisted. The Respondent Judge granted the motion, the order reciting, in part:

"* * * upon the qualification that said report is to be supplied to counsel for said plaintiffs only if the deposition of said Dr. Dino A. Morelli is noticed and scheduled and under said circumstances, said report will be supplied to said plaintiffs' counsel no less than two (2) days prior to the time noticed for taking of said deposition."

The petitioner being of the opinion that the Respondent Judge had exceeded his jurisdiction, filed a petition for extraordinary relief in this Court. After an informal hearing this Court took the matter under advisement and thereafter entered an order, in part, as follows:

"This Court has not reached a decision as to whether it will assume jurisdiction in relation to this matter. This Court recognizes that the pretrial conference has been continued to 22 March 1968 and that the trial of these causes in the Superior Court may be imminent. It is not the desire of this Court to unduly delay the trials. The Respondent Judge, the parties and their counsel are at liberty to proceed with the trial subject only to this order.

"IT IS ORDERED subject to the further order of this Court that pending this Court's decision as to whether it will assume jurisdiction, the Respondent Judge, the parties and their counsel are restrained from enforcing the order wherein the Respondent Judge on 15 February 1968, ordered:

(Here the order of the Respondent Judge quoted earlier in this opinion was set forth.)

"The order now entered by the Court of Appeals does not limit discovery procedures once the deposition of the witness has been taken or once the witness testifies at a trial on the merits, such issues being beyond the scope of the petition filed in this Court."

There are several Arizona cases in the field of discovery. In our opinion the cases of Dean v. Superior Court etc., 84 Ariz. 104, 324 P.2d 764 (1958) and State Farm Insur-

ance Company v. Roberts, 97 Ariz. 169, 398 P.2d 671 (1965), are controlling. We quote from Dean, page 113 of 84 Arizona, page 770 of 324 P.2d:

"* * * We think the better view is that if the witnesses themselves are available to the party and can be interrogated or examined by him, there will ordinarily be no occasion for ordering production of their statements. Hence, a showing will usually be required that the witnesses are no longer available, or that the witnesses, even though they can be located, are hostile and will not furnish information to the party, or that for some other reason the information sought cannot be obtained elsewhere in spite of diligent effort. Where the moving party has obtained statements of prospective witnesses, discovery should not be denied as to the production of statements of the same witnesses obtained by the adversary when good cause is shown that the same are sought to impeach or determine the credibility of the witnesses."

And, page 115 of 84 Arizona, at page 771 of 324 P.2d:

"We conclude, * * * that the trial court exceeded its jurisdiction in entering the order to produce documents * * * and the affidavit filed in support thereof, in the following respects: (1) the motion (contained) * * * no showing * * * that the witnesses * * * cannot be located or are hostile and will not furnish information or any reason that the information sought cannot be obtained elsewhere upon diligent effort; * * *"

State Farm reaffirms these holdings. The respondent urges that Zimmerman v. Superior Court etc., 98 Ariz. 85, 402 P.2d 212 (1965) modified the holding in the Dean case and sustains the ruling under consideration at this time. We are unable to agree with this contention.

The respondents Fitzgerald urge that the services of Dr. Morelli were secured by the petitioner and that, therefore, Dr. Morelli must be classified as a hostile witness. With this we do not agree. The respondents Fitz-gerald also urge that since Dr. Morelli is a California resident and not subject to an Arizona subpoena, the circumstances are unusual and constitute "good cause" for the disclosure of the report prior to the taking of his deposition. With this we do not agree.

In our opinion the answer to the question is in the negative.

We are of the opinion that the preliminary order entered by this Court and quoted above is correct. The issuance of the mandate by this Court shall constitute a reaffirmation of the directive contained in the order.

CAMERON, C. J., and DONOFRIO, J., concur.