**In re IBM PERIPHERAL EDP DEVICES ANTITRUST LITIGATION.**

**ILC PERIPHERALS LEASING CORPORATION, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**MEMOREX CORPORATION, Mrx. Sales and Service Corporation, Plaintiffs,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**MDL No. 163–RM, and Nos. C–73–2238 SC and C–73–2239 SC.**

United States District Court,
N. D. California.

Dec. 16, 1977.

---

John L. Endicott, Gibson, Dunn & Crutcher, Los Angeles, Cal., for Memorex Corp.

Patrick Lynch, O'Melveny & Myers, Los Angeles, Cal., for IBM.

CONTI, District Judge.

This matter is before the court on IBM's motion for production of documents from Memorex's expert witnesses. IBM asserts that it needs these documents to fairly prepare for cross-examination, and to fairly evaluate Memorex's revised damage claims. Memorex interposes numerous objections in its opposition, but these boil down to its concern over the breadth of the IBM requests.

■ In an effort to deal with the problem of expert discovery, subsection (4) was added to Rule 26(b) of the Federal Rules of Civil Procedure in 1970. It provides:

> Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
>
> (A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

At the outset, the court wishes to make several observations about the scope of this part of the rule. First, it applies only to facts and opinions that are acquired or developed in anticipation of litigation or for trial. Thus, other facts and opinions are governed by the general discovery provision in Rule 26(b)(1). In any case, the facts and opinions must be relevant to the subject matter involved in the pending action as that term is defined in Rule 26(b)(1). Second, this part of the rule only covers

experts who will testify at trial. Experts who are retained or specially employed in anticipation of litigation or preparation for trial are governed by Rule 26(b)(4)(B). Finally, this part of the rule envisions a two-step process. Step one involves interrogatories to parties. It applies in all cases, and does not require court intervention. Step two provides for further discovery only upon order of the court. The fact that this step does not follow automatically suggests that the court should impose some check on the exercise of its discretion.

■ The Advisory Committee's Note that accompanied this amendment indicated its concern:

> Past judicial restrictions on discovery of an adversary's expert, particularly as to his opinions, reflect the fear that one side will benefit unduly from the other's better preparation. The procedure established in subsection (b)(4)(A) holds the risk to a minimum. Discovery is limited to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be. A party must as a practical matter prepare his own case in advance of that time, for he can hardly hope to build his case out of his opponent's experts.

Thus, the purpose behind the requirement of a court order for further discovery in Rule 26(b)(4)(A)(ii) is to insure that the movant's only interest is in obtaining information for cross-examination.

■ Several district courts have held that where discovery of an expert's documents prepared in anticipation of litigation was sought, the "substantial need" test of Rule 26(b)(3) must be satisfied. *Wilson v. Resnick*, 51 F.R.D. 510 (E.D.Pa.1970); *Breedlove v. Beech Aircraft Corp.*, 57 F.R.D. 202 (N.D.Miss.1972). The court is of the opinion that these decisions are incorrect. Rule 26(b)(3) expressly states that it is subject to the provisions of subsection (b)(4). In addition, where the drafters wanted to include a specific standard, they did so. Fed.R.Civ.P. 26(b)(4)(B). The court's task in ruling on a motion for further discovery of an expert is, therefore, to

satisfy itself that the procedure is not being abused.

In *Quadrini v. Sikorsky Aircraft Division, United Aircraft Corp.*, 74 F.R.D. 594 (D.Conn.1977), the court described the case as a highly technical lawsuit involving a helicopter crash in which both sides intended to rely extensively on expert testimony at trial. The court had earlier ordered that defendants could take the depositions of certain of plaintiff's experts. In ruling upon defendants' motion for production of experts' reports for use at the depositions and at trial, it said:

> Though the usual application of (b)(4)(A)(ii) is in ordering a deposition of an expert, I see no reason not to apply the rule in the context of a Rule 34 document production request as well. Expert testimony will undoubtedly be crucial to the resolution of the complex and technical factual disputes in this case, and effective cross-examination will be essential. Discovery of the reports of experts, including reports embodying preliminary conclusions, can guard against the possibility of a sanitized presentation at trial, purged of less favorable opinions expressed at an earlier date.

*Id.* at 595 [citation and footnote omitted.]

The court is of the opinion that *Quadrini* correctly interpreted Rule 26(b)(4)(A). In this case, IBM has served Rule 26(b)(4)(A)(i) interrogatories on Memorex, (IBM motion, Exhibit A), and has received partial answers. (IBM motion, Exhibit B). Memorex has agreed to allow IBM to take the depositions of the experts it will call at trial. In its motion, IBM asserts that it needs certain documents to fairly prepare for cross-examination of these experts, and there is no reason to question its motive. The court would, therefore, be inclined to grant a reasonable request. However, the schedule of documents to be produced submitted by IBM cannot be so characterized. (IBM motion, Exhibit C; Memorex Opposition, Exhibit 1).

The complaint that a party seeking discovery is on a fishing expedition is given short shrift by the courts, but when open

season was declared, the assumption was made that the parties would continue to use the time-tested techniques. However, instead of using rod and reel, or even a reasonably sized net, IBM would drain the pond and collect the fish from the bottom. This exercise goes beyond the bounds set by the discovery rules.

█ Rule 26(b)(1) provides that a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending action. With regard to experts, this limitation applies both to facts and opinions acquired or developed in anticipation of litigation or for trial and material prepared in other contexts. In addition, Rule 34(b) on production of documents, provides that the request shall set forth the items either by individual item or by category, and describe each item and category with reasonable particularity. While this requirement is not overly strict, the court must be given enough information to enable it to rule intelligently on objections.

█ The IBM motion, even as narrowed in its response, is entirely too broad. The fact that an expert's testimony will be based upon his "background, knowledge, and prior experience" does not make every document that he ever wrote or reviewed relevant. Even the work of an expert in the electronic data processing industry could not be discovered wholesale. As indicated above, the work product rule does not apply to experts, but Memorex can still raise objections based on the attorney-client privilege before a magistrate. The court will not attempt to pare down IBM's request. Its motion in this regard is denied without prejudice to later renewal. For guidelines in drawing its new motion, the court suggests that it give careful consideration to the request in *Quadrini*.

IBM also asserts that it needs certain documents to fairly evaluate Memorex's revised damage claims. The dispute appears to center around a report prepared for Memorex by Roy Weinstein of National Economic Research Associates, Inc., dated April 20, 1977. Mr. Weinstein is not going to testify at trial. The court is of the opinion that regardless of whether he is classified as an expert who is not expected to be called as a witness under Rule 26(b)(4)(B) or as a consultant to Memorex's attorneys under Rule 26(b)(3), IBM has made a strong showing that it should be allowed to discover the report.

IBM's motion to strike Memorex's revised damage claims was denied by the court on the condition that IBM be allowed to discover the bases for the changes. In a letter to IBM's attorneys, counsel for Memorex declared that it would be impossible to identify or attempt to list (much less produce) every document reviewed by each of the persons involved in the revision process. (IBM motion, Exhibit F.) The only exception in these otherwise unidentifiable background materials is the Weinstein report. Memorex cannot change its damage claims at the last minute and then plead inability to explain why. If IBM is unable to obtain the information it needs from the depositions allowed by separate order entered this date, it will have a persuasive argument that it has shown substantial need or exceptional circumstances. The court is of the opinion that this aspect of IBM's motion should also be denied without prejudice to later renewal, at which time Memorex can interpose the attorney-client privilege if it is so inclined.

For the reasons and to the extent indicated above, the court hereby orders that IBM's motion be denied without prejudice to later renewal.