**BEVERAGE MARKETING CORPORATION,**
Plaintiff,

v.

**OGILVY & MATHER DIRECT RESPONSE, INC., Defendant.**

**No. 80 Civ. 3318 (RWS).**

United States District Court, S.D. New York.

Feb. 18, 1983.

Baker, Nelson & Williams, New York City, for plaintiff by John P. Dellera, New York City, of counsel.

Davis & Gilbert, New York City, for defendant by Miles Baum, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Beverage Marketing Corporation ("Marketing") has sued defendant Ogilvy & Mather Direct Response, Inc. ("Ogilvy") claiming breach of contract and malpractice allegedly committed during the performance of an agreement for direct mail marketing services. Marketing has now moved pursuant to Fed.R.Civ.P. 26(b)(4)(A)(ii) for an order compelling Ogilvy to produce a report prepared by one of Ogilvy's experts. The motion is granted.

Discovery of expert materials is governed by Fed.R.Civ.P. 26(b)(4), which reads, in relevant part:

(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

Both parties indicate that expert testimony will be the central focus of the trial and have retained experts. Ogilvy has previously sought, and obtained, an order compelling Marketing to produce its expert's reports. Marketing thereafter followed the procedure of Rule 26(b)(4) by first serving Ogilvy with a set of interrogatories. Ogilvy responded to an interrogatory asking for the subject matter and substance of the testimony to be offered at trial by its experts as follows:

Defendant's experts are expected to give testimony at the trial of this action concerning an analysis and evaluation of the reports and testimony of plaintiff's expert witness. They also will give testimony refuting the theories and calculations espoused by plaintiff's expert witness in support of its damage calculations and to show that there is no basis statistically or otherwise, for his conclusions.

Following the receipt of this response, Marketing served Ogilvy with a document re-

quest seeking, *inter alia,* reports prepared by Ogilvy's experts. Ogilvy responded by objecting to such production on the ground of attorney work-product privilege and has submitted the report for an *in camera* review.

As a preliminary matter, Ogilvy's claim that the expert report is protected by the work product privilege has no merit in these circumstances. Rule 26(b)(3), which governs the privilege in federal court, is expressly "[s]ubject to the provisions of subdivision (b)(4)," quoted *supra.* The weight of authority is to the effect that the work product rule does not apply to experts who are expected to testify. *In re IBM Antitrust Litigation,* 77 F.R.D. 39, 41, 42 (N.D.Cal.1977); *Quadrini v. Sikorsky Aircraft Div., United Aircraft Corp.,* 74 F.R.D. 594, 595 n. 1 (D.Conn.1977). *See also* Fed.R. Civ.P. 26 advisory committee note (rejecting decisions that have sought to bring expert information within the work product doctrine as "ill-considered"); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2029 at 243 (1970).

Ogilvy's attempts to argue the contrary are unavailing. For example, Ogilvy states that the court in *In re IBM Antitrust Litigation, supra,* 77 F.R.D. at 42 "commented that an expert might in some circumstances be considered a consultant to an attorney and thus be covered by the work product doctrine." The court in that case was addressing the question whether the author of a report, who was not going to testify at trial, was defined as an expert, and thus subject to the provisions of Rule 26(b)(4)(B), or as a consultant, thereby being subject to the work-product privilege. There was no suggestion that he would fit both categories.

Ogilvy states that the court in *Fauteck v. Montgomery Ward & Co.,* 91 F.R.D. 393, 399 (N.D.Ill.1980), offered to review expert material *in camera* to guard against the unwarranted disclosure of legal theories. The material in question *Fauteck,* however, was not expert reports—it was the defendant's own personnel records reformulated in computer readable form at the direction

and under the supervision of the defendant's attorneys. As such, it was subject to protection as work product. Furthermore, the court ordered disclosure of the material on a reciprocal basis between the parties.

In addition, Ogilvy states that "[t]he attorney work product privilege extends to agents of the attorney, such as experts," citing *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). The Court in *Nobles* held that the work product doctrine applies to investigators and other agents upon whom attorneys must rely in the compilation of materials in preparation for trial. *Nobles* does not stand for the proposition that the work product doctrine extends to experts expected to testify at trial.

Finally, Ogilvy attempts to shield its experts report by arguing that it is different from the reports of Marketing's expert that this court previously ordered produced. Ogilvy argues Marketing's expert's report was "pure expert" material in that it was prepared from raw material supplied by Marketing, while Ogilvy's expert's report is an analysis based only upon the report of Marketing's expert as well as other discovery documents and pleadings. It is conceivable that an expert could be retained to testify and in addition to advise counsel outside of the subject of his testimony. Under such a circumstance it might be possible to claim a work product privilege if this delineation were clearly made. Such is not this circumstance.

This court has conducted an *in camera* review of the expert report in issue and has noted Ogilvy's objections to production of certain portions. The objections are on various grounds, including claims that the expert will not testify on certain matters, that inconsistencies in Marketing's case are highlighted, that areas of cross-examination are indicated, and that certain matters are not within the author's area of expertise. Also, certain portions are objected to on the ground that they represent Ogilvy's theory of the case and is central to its defense.

In the words of the advisory committee to Rule 26,

effective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of issues and the elimination of surprise which discovery normally produces are frustrated.

A review of the report and the expert's letter does not reveal any distinction between anticipated testimony and advice to counsel.

Further, the answer propounded by Ogilvy to Marketing's interrogatory is inadequate. This situation can be rectified by ordering supplementation of the response or requiring production of the report. Under the circumstances of this case, the latter option is the more appropriate one. Simple fairness dictates this result in light of the broad scale discovery of Marketing's experts that Ogilvy has obtained. Furthermore, as in *Quadrini v. Sikorsky Aircraft Div., United Aircraft Corp., supra,* expert testimony may be crucial to the disputes in this case and effective cross-examination will be essential. 74 F.R.D. at 595. *See also In re IBM Antitrust Litigation, supra,* 77 F.R.D. at 41; Fed.R.Civ.P. 26 advisory committee note.

For the foregoing reasons, Marketing's motion is granted. The objections to discovery contained in defendant's response to plaintiff's second request for the production of documents dated October 12, 1982 are overruled to the extent that they invoke the work product privilege for documents prepared by anyone other than counsel for Ogilvy or relate to any documents consulted by the expert witness designated to testify at trial.

The discovery and pretrial order deadline contained in this court's order dated October 15, 1982 are extended to March 21, 1983.

IT IS SO ORDERED.