764 P.2d 756

**STATE of Arizona, ex rel., Charles L. MILLER, Director, Department of Transportation, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Mark W. Armstrong, a judge thereof, Respondent Judge,**

**James A. DINGMAN, husband of Judith A. Dingman, as his sole and separate property, Real Party in Interest.**

**No. 1 CA–SA 88–054.**

Court of Appeals of Arizona, Division 1.

July 14, 1988.

Review Granted and Opinion of Court of Appeals adopted as that of Supreme Court, Dec. 20, 1988.*

---

\* Holohan, J., of the Supreme Court, did not participate in the determination of this matter.

Robert K. Corbin, Atty. Gen. by Leonardo Ruiz and Joe Acosta, Jr., Asst. Attys. Gen., Phoenix, for petitioner.

Dushoff & McCall by Dale S. Zeitlin, Phoenix, for real party in interest.

## OPINION

KLEINSCHMIDT, Judge.

We accepted jurisdiction in this special action to determine whether Rule 26(b)(4)(A)(ii), Arizona Rules of Civil Procedure, allows discovery of appraisal reports prepared by an expert appraiser who is listed as a trial witness in a condemnation action. We hold that such reports are normally discoverable.

James A. Dingman, the owner of the land the state was condemning, noticed the deposition of, and served a subpoena duces tecum upon, Robert E. Francy. Francy was an appraiser hired by the state to estimate the value of the land. The subpoena duces tecum included a request for Francy's written appraisal report. The state objected to the subpoena duces tecum on the ground that the written appraisal report was not discoverable since Francy was available for deposition. Dingman filed a motion to compel the state to produce the written appraisal report, and the state responded. The trial court ordered the state to produce Francy's appraisal report.

The trial court based its order on Rule 26(b)(3) and (4), Arizona Rules of Civil Procedure. It found that the appraisal report was prepared in anticipation of litigation. Rule 26(b)(3) limits discovery of materials prepared in anticipation of litigation. In pertinent part, it reads:

(3) Trial preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) [generally allowing discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending action, including documents] of this rule and *prepared in anticipation of litigation or for trial* by or for another party

or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

(Emphasis added.)

Rule 26(b)(4) allows discovery of facts and opinions of trial experts, even if they are "acquired or developed in anticipation of litigation or for trial." It reads:

(4) Trial preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and *acquired or developed in anticipation of litigation or for trial,* may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) *Upon motion, the court may order further discovery by other means,* subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

(Emphasis added.)

The state claims this situation is governed solely by Rule 26(b)(3). It argues that the trial court's ruling was arbitrary and capricious because Dingman could have obtained the substantial equivalent of

the appraisal report by deposing Francy and therefore did not have a substantial need for the report. Dingman, on the other hand, argues that trial experts' reports are discoverable under Rule 26(b)(4)(A)(ii), without any consideration of Rule 26(b)(3). We agree with Dingman.

A few courts have held that Rule 26(b)(3) does limit discovery of experts' reports. They say that since experts' reports are prepared in anticipation of litigation, a showing of substantial need, pursuant to Rule 26(b)(3), must be made before those reports may be discovered. 4 J. Moore, J. Lucas, G. Grotheer, *Moore's Federal Practice* § 26.66[3] (2d ed. 1987); *see, e.g., Wilson v. Resnick*, 51 F.R.D. 510 (E.D.Pa. 1970). Those cases seem to ignore the fact that Rule 26(b)(4) provides for a lesser standard for compelling disclosure from an expert *who is expected to be called as a witness at trial,* even though the information to be disclosed was "acquired or developed in anticipation of litigation or for trial."

Most courts have construed Rule 26(b)(4)(A) liberally, interpreting its provision for allowing discovery by "other means" than by interrogatory to include both the taking of trial experts' depositions and the production of their reports. *Quadrini v. Sikorsky Aircraft Div.*, 74 F.R.D. 594 (D.Conn.1977) (production of experts' reports permitted, since production "can guard against the possibility of a sanitized presentation at trial, purged of less favorable opinions expressed at an earlier date"); *In re IBM Peripheral EDP Devices Antitrust Litigation*, 77 F.R.D. 39 (N.D.Cal.1977); *see also* 4 *Moore's Federal Practice* § 26.66[3].

The state argues that *Maricopa County v. Peterson*, 7 Ariz.App. 363, 439 P.2d 526 (1968), adopts the old minority rule that substantial need must be shown by the discovering party before the trial experts' reports must be produced. *Peterson*, however, construed a pre–1970 version of Rule 34 which required a showing of good cause before the court would order the production of documents, papers, and other such items. *See* Arizona Code Annotated § 21–736 (Supp.1952). *Peterson* held that an expert's report was not discoverable because "good cause" for such discovery had not been shown.

Rule 26(b)(3) and (4) were added in a 1970 revision of the Rules. The State Bar Committee Note to Rule 26(b)(3) cites *Peterson* as an illustration of how the substantial need standard of Rule 26(b)(3) should be applied. Rule 26(b)(3), Committee Note at 216. The substantial need standard of Rule 26(b)(3) replaced the good cause standard of the pre–1970 Rule 34. *Id. Peterson* is useful as an illustration for understanding the substantial need standard. *Id.* However, more liberal discovery from experts who are expected to be called at trial is allowed under Rule 26(b)(4). *Id.* at 216–17; *see also Magna Inv. & Dev. Corp. v. Pima County*, 128 Ariz. 291, 296–97, 625 P.2d 354, 359–60 (App.1981).

Arizona follows the majority view that appraisal reports of trial experts are discoverable under Rule 26(b)(4)(A) without consideration of the Rule 26(b)(3) substantial need standard. *See Magna*, 128 Ariz. at 296–97, 625 P.2d at 359–60. In *Magna*, Division 2 of this court was faced with this issue in a property tax assessment context. The *Magna* court cited *State v. Whitman*, 91 Ariz. 120, 370 P.2d 273 (1962) and *United States v. Meyer*, 398 F.2d 66 (9th Cir. 1968), in holding that a trial expert's reports are discoverable. *Whitman* holds that trial experts may be deposed. *Meyer* holds that reports produced by any retained expert are discoverable.

The state suggests that we rejected *Meyer* in *State ex rel. Miller v. Superior Court*, 154 Ariz. 363, 365, 742 P.2d 864, 866 (App.1987) and points out that there we said that the holding in *Meyer* is not binding on Arizona courts. However, in *Miller* we only rejected the part of the *Meyer* holding that allowed discovery of facts and opinions from experts who were not expected to testify at trial. The state's argument ignores the language of Rule 26(b)(3) that it is "[s]ubject to the provisions of subdivision (b)(4) of this rule" and overlooks the strong inference that subdivision (b)(4) describes all limitations imposed by Rule 26

on discovery of facts or opinions of experts, expected to testify at trial, acquired or developed in anticipation of litigation or for trial. The Committee Note anticipates in general that discovery from trial experts should be granted perfunctorily. Rule 26(b)(4), Committee Note at 217.

The order of the trial court is affirmed. Relief is denied.

BROOKS, P.J., and EUBANK, J., concur.