**GRACE A. DETWILER TRUST, et al., Plaintiffs,**

v.

**Dale J. OFFENBECHER, John B. Davies and Sidney W. Smith, Jr., Defendants.**

**No. 86 Civ. 7150 (RWS).**

United States District Court,
S.D. New York.

Feb. 16, 1989.

---

Cadwalader, Wickersham & Taft (Robert Knuts, Jane K. Rushton, of counsel), New York City, for plaintiffs.

Olwine, Connelly, Chase, O'Donnell & Weyher (John Logan O'Donnell, Thomas Manick, Grace M. Healy, of counsel), New York City, Foley & Lardner (Maurice J.

McSweeney, of counsel), Milwaukee, Wis., for defendants.

## OPINION

SWEET, District Judge.

At a pretrial conference held on January 25, 1989 (the "pretrial conference"), defendants Dale J. Offenbecher, John B. Davies, and Sidney W. Smith, Jr. (collectively, "Offenbecher") sought an order requiring plaintiff Grace A. Detwiler Trust ("Detwiler") to produce 1) documents reviewed by Detwiler's proposed trial expert, Dr. Horace J. DePodwin ("DePodwin"), and 2) reports valuing Detwiler's interest in this action for estate tax purposes. For the reasons set forth below, Offenbecher's discovery request is denied.

### The DePodwin Documents

Detwiler's counsel originally retained DePodwin as a consultant to help them get ready for trial. In this capacity, DePodwin helped them prepare for depositions of witnesses who they expected to testify on financial and valuation matters. Subsequently, Detwiler's counsel decided to call DePodwin to testify at trial as an expert witness in valuing Ferro. They have produced all documents relating to DePodwin's work as an expert, but have refused to produce documents relating to his role as a consultant on the ground that those documents are privileged as attorney work product.

Offenbecher seeks production of all documents DePodwin reviewed, arguing that "no meaningful distinction can be drawn between the expert's anticipated trial testimony and his alleged consulting advice...." For support, Offenbecher cites *Beverage Marketing Corp. v. Ogilvy & Mather*, 563 F.Supp. 1013 (S.D.N.Y.1983).

Significantly, *Beverage Marketing* stated in dicta:

It is conceivable that an expert could be retained to testify and in addition to advise counsel outside of the subject of his testimony. Under such a circumstance it might be possible to claim a work product privilege if this delineation were clearly made. Such is not this circumstance.

This court's *in camera* review of the requested documents establishes that this case presents precisely the circumstance the *Beverage Marketing* dicta anticipated.

The documents Offenbecher seeks to obtain comprise material DePodwin reviewed before proposing questions for Detwiler's counsel to ask at a particular deposition and recommending other witnesses for Detwiler's counsel to depose. Production of these documents would risk disclosing "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation," in violation of Fed.R.Civ.P. 26(b)(3).

Of course, to the extent DePodwin reviewed documents in his role as an expert that he previously had reviewed in his role as consultant, the delineation between those roles would become blurred and those documents would be discoverable under *Beverage Marketing*.

### The Valuation Reports

At the pretrial conference, this court asked Detwiler's counsel whether any valuation report in Detwiler's possession valued the Ferro stock Detwiler owned prior to July 31, 1985. In response, Detwiler's counsel has submitted a letter dated January 31, 1989 stating: "The valuation report prepared for and by tax counsel to the estate does not contain any independent valuation of Ferro stock." Because the valuation at issue apparently states the value of a possible recovery in this action rather than the fair market value of Ferro's common stock as of July 1985, it may not be admissible, even if relevant for discovery purposes.

Any attorney-client privilege issue this report may raise will be addressed separately. Absent a determination that the privilege applies, the report will be produced.

### Conclusion

For the reasons set forth above, Offenbecher's request for discovery is denied.

It is so ordered.