Flags I v. Boston Five Cents Savings   CV-90-340-B    05/24/93

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


<u>Flags I, Inc., et al.</u>

    v.                                    Civil No. 90-340-B

<u>The Boston Five Cents</u>
   <u>Savings Bank, et al.</u>


**O R D E R**


This case concerns two related real estate development projects, The Village at Granite Hills I and The Village at Granite Hills II.  Plaintiffs are various individuals and entities that were engaged in the development of both projects. Defendant Boston Five Cent Savings Bank ("Bank") was the principal lender for the projects.  Defendant Province Street Corporation, a subsidiary of the Bank, was an equity partner in the projects with several of the plaintiffs.

In March 1990, several of the parties entered into a Restructuring Agreement in which the Bank agreed to extend additional credit for the projects in exchange for several concessions from the plaintiffs.  Plaintiffs' principal claim is that the Restructuring Agreement violates the Bank anti-tying laws, 12 U.S.C. § 1464(q) and 12 U.S.C. § 1972-75.  Additional claims and counterclaims arising from the financial arrangements among the parties have also been asserted.

This order addresses four discovery motions.

1. <u>Plaintiffs' Motion to Compel Production of Documents and Answers to Questions Propounded at Depositions</u>[1]

The Plaintiffs deposed defendants' witness, John Clifford on December 3, 1991 and February 18, 1992. Clifford was employed as an internal auditor in the Bank's asset management department until April 1991. Clifford testified that he had reviewed certain business documents relating to the Granite Hills projects and created certain summaries, lists and memoranda regarding these documents. Among the documents he created were workpapers relating to vendors on the Granite Hill Projects whom he believed had been paid twice for the same work. The plaintiffs seek production of these workpapers and testimony from Clifford concerning the workpapers, arguing that both are necessary to prepare for cross-examination of Clifford. Plaintiffs also argue that Clifford waived the work product privilege by reviewing the documents to refresh his recollection immediately before his deposition. The defendants, however, argue that the workpapers are protected as work product under Federal Rule of Civil Procedure 26(b)(3).

The court must determine, based on the deposition testimony provided, (i) whether the documents and testimony in dispute are

_____

[1]Other issues raised by this motion that are not discussed in this order were resolved by agreement.

protected by the work product privilege under Federal Rule of Civil Procedure 26(b)(3) and <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947), and (ii) whether Clifford waived the privilege by reviewing the documents to refresh his recollection before his deposition. <u>See</u> Fed. R. Evid. 612; <u>In re Atlantic Financial Management Securities Litigation</u>, 121 F.R.D. 141, 144 (D. MA 1988); <u>Bailey v. Meister Brau, Inc.</u>, 57 F.R.D. 11, 13 (N.D.Ill. 1972).

Clifford's testimony shows that while he initially came across the information in the normal course of business, he prepared the schedule of vendors allegedly paid twice at the request of counsel and in preparation for litigation. (Clifford II at 9-10, 44). The schedule is therefore work product under Rule 26(b)(3). <u>Harper v. Auto Owners Insurance Co.</u>, 138 F.R.D. 655, 659 (S.D. Ind. 1991).

Clifford's testimony does not show that he reviewed the documents to refresh his memory before testifying. In volume I on page 42, Clifford clearly states that he "didn't review" the workpapers but merely identified them as his. Plaintiffs point to page 24 of volume II when Clifford answered Attorney Topman's question, "[w]hen was the last time you refreshed your recollection with these documents," Clifford answered that he had

looked at them "before the last deposition". However, reading this quotation in context, it becomes clear that the documents to which Clifford refers on page 24 are workpapers dealing with the escrow account, an entirely different issue and one which was resolved by the parties without the court's intervention. Finally, Clifford testified that one of defendants' attorneys sent him some of the workpapers via fax prior to the deposition, asking him to explain them. (Clifford Vol II at 5 and 90.) Nowhere in the deposition, however, does Clifford state that he reviewed the documents for the purpose of preparing for his deposition. Thus, Clifford did not waive his work product privilege by reviewing the documents for the purpose of refreshing his recollection before his deposition.

Plaintiffs also ask the court to compel the production of certain documents and testimony by defendants' expert witness, Brian Reynolds. The Defendants have disclosed Reynolds as one of their testifying expert witnesses. He has also served as a consultant on various issues upon which he will not testify. The plaintiffs claim that the various reports and summaries Reynolds produced for the defendants in his capacity as consultant are not privileged under Federal Rule 26(b)(3) because he is a testifying expert and cannot be an expert and claim the work product

4

privilege at the same time.

Testimony and documents cannot ordinarily be compelled from a testifying expert under Rule 26(b)(4)(A) on issues relating to that expert's work as a retained consultant under Rule 26(b)(4)(B). Inspiration Consol. Copper Co. v. Lumbermens Mutl. Cas. Co., 60 F.R.d. 205, 210 (S.D. N.Y. 1973); but see Elco Indus. v. Hogg, 1988 WL 20055, *3 (N.D. Ill. 1988) (documents discoverable where no clear delineation between expert's role as consultant and testifying expert). As the court in Inspiration Consol. Copper noted, an expert can "wear two hats" and can advise on one subject and give testimony on another. Id. Thus, information provided to the defendants by Reynolds in his capacity as a consultant under the direction of counsel and in anticipation of litigation will qualify as work product material under Federal Rule of Civil Procedure 26(b)(3) unless the material pertains to the subject area about which he will testify. See Beverage Mktg. Corp v. Oglivy & Mather Direct Response, Inc., 563 F.Supp. 1013, 1014 (S.D.N.Y. 1983). Plaintiffs offer no other reason why this material should be made discoverable. Accordingly, the court will not compel the production of testimony and documents that pertain only to subjects about which Reynolds will not testify.

2.  Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Plaintiffs seek to compel the defendants to disclose documents which postdate the commencement of the litigation. Defendants argue that plaintiffs have failed to demonstrate that the requested documents are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). They also argue that production of the documents would be "unduly burdensome."

The fact that the documents at issue were prepared after the commencement of the litigation is not sufficient to overcome plaintiffs' claim that the documents will lead to evidence which is relevant to the amount of their damages. Nor has a showing been made that production of the documents would be unduly burdensome. Although the defendants may have valid work product or other objections to the production of specific post-litigation documents, the court expects the parties to resolve such concerns by agreement.

3.  Defendant's Motion to Conclude Depositions

Defendant, Boston Five, moves for leave to conclude the depositions of plaintiffs, Daniel R. Titcomb and Robert J. Lloyd, Esquire and to take the deposition of the bookkeeper of

Cleveland, Waters & Bass, P.A.

On January 5 and 6, 1993, the Bank deposed Attorney Lloyd, who agreed to produce Cleveland, Waters & Bass' accounts receivable documents. The defendants did not receive these documents until April 15, 1993, and state that significant questions arose from their review of the documents. While the discovery deadline is an important tool, in this case, allowing these depositions would not impose an undue burden on either party. Accordingly, this motion is granted.

4. Defendants' Motion to Compel Documents

The defendants seek production of documents, some of which were requested in Defendants' First Request for Production of Documents and some of which plaintiffs agreed to produce in their answers to Defendants' First Set of Interrogatories. The plaintiffs objected by claiming that they have produced all of the requested documents that are in their possession. Because plaintiffs have produced all responsive documents in their custody and control, Defendants' Motion to Compel Documents is denied.

7

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Compel the Production of Documents and Answers to Questions Propounded at Deposition (document no. 76) and Defendants' Motion to Compel Production of Documents (document no. 79) are denied, and Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents (document no. 97) and Defendant Boston Five Cents Savings Bank, FSB's Motion for Leave to Conclude Depositions (document no. 98) are granted.


SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 24, 1993

cc:  James R. Muirhead, Esq.
     Jamie N. Hage, Esq.
     Robert L. Ketchand, Esq.
     Donald Elliot, Esq.
     Bruce Topman, Esq.
     Thomas H. Richard, Esq.

8