**James TAYLOR and Wife, Josephine Taylor, Plaintiffs,**

v.

**ANDERSON–TULLY COMPANY and Patton–Tully Transportation Company, Defendants.**

**No. 89–2131–TUBRO.**

United States District Court, W.D. Tennessee, W.D.

Oct. 4, 1993.

Arnold B. Goldin and Lee J. Bloomfield, Memphis, TN, for plaintiffs.

G. Ray Bratton and Eugene Stone Forrester, Jr., Memphis, TN, for defendants.

### ORDER ON MOTION TO COMPEL PRODUCTION OF PLAINTIFFS' EXPERT'S REPORT AND FILE

TURNER, District Judge.

The defendants, pursuant to Rule 37 of the Federal Rules of Civil Procedure, have moved this court for an order compelling plaintiffs to produce all experts' reports and investigative data prepared on plaintiffs' behalf. Specifically, the defendants seek predeposition production of the report and file of Dr. William M. Jenkins, plaintiffs' vocational counseling and rehabilitation expert. They rely on the court's authority to require the production as set out at *Fed.R.Civ.P.* 26(b)(4)(A)(i). The plaintiffs, who have agreed to provide the report and file of Dr. William M. Jenkins at the time of the deposition, oppose predeposition production of this report on the basis that no particularized need has been shown for the production of such report and that the routine requirement for the production of reports prepared by expert witnesses retained in anticipation of litigation or in preparation for trial will significantly hamper communication between the party, the party's attorney, and the experts.

It is agreed by the parties that Dr. Jenkins has been retained by the plaintiffs for the

purpose of testifying at trial as a vocational expert.

Rule 26(b)(4) provides that discovery of facts known and opinions held by experts, otherwise discoverable and acquired or developed in anticipation of litigation or for trial may be obtained only (i) through interrogatory and/or (ii) upon motion. The rule does not contain specific provisions relative to the production of such reports prepared by the expert for the party or his attorney.

■ Case law has been decided both ways. In *Beverage Mktg. Corp. v. Ogilvy & Mather*, 563 F.Supp. 1013, 1015 (S.D.N.Y.1983), a breach of contract malpractice action, the court held that the work product rule does not apply to experts who are expected to testify. The court therefore required the production of the expert witness' report. *Id.*[1]

In *Quadrini v. Sikorsky Aircraft*, 74 F.R.D. 594 (D.Conn.1977), a helicopter crash lawsuit, the court found that the production of the experts' reports would aid counsel in effective cross-examination of the experts at their depositions and ultimately at trial. An order compelling production was therefore issued. The court noted that the production of such reports would "guard against the possibility of a sanitized presentation at trial, purged of less favorable opinions expressed at an earlier date." *Id.* at 595. Other cases have also concluded that the reports should be produced.

The Fifth Circuit ruled that a report prepared by an expert in anticipation of litigation is not routinely discoverable under the Federal Rules of Civil Procedure. *Hoover v. United States Dept. of the Interior*, 611 F.2d 1132 (5th Cir.1980). Plaintiff in *Hoover* sought disclosure of an appraisal report under the Freedom of Information Act ("FOIA"). The FOIA, as construed by courts, specifically exempts inter-agency memoranda which would not be "routinely discoverable" in private litigation. *Id.* at 1138–39 (citing cases). the court construed the appraisal report as an "inter-agency memorandum" and concluded that the federal rules did not routinely permit discovery of expert reports prepared in anticipation of litigation. *Id.* at 1138, 1142. Judge Vance dissented, primarily on the basis that, in his view, the appraisal report was not prepared in anticipation of litigation. *Id.* at 1144–46 (Vance, J., dissenting). In short, Judge Vance might well have concurred with the majority opinion to withhold the report had there not been a difference of opinion between them as to whether or not the report had been prepared in anticipation of litigation or trial. Of course, the holding that the reports were not "routinely discoverable" merely recognizes that *Fed.R.Civ.P.* 26(b)(4) requires a court order to use discovery procedures as to expert trial witnesses beyond the interrogatories which are permitted by the rule.

In *Boselli v. Southeastern Pennsylvania Transp. Auth.*, 108 F.R.D. 723 (E.D.Pa.1985), a personal injury action under the Federal Employers Liability Act, the court denied the plaintiff's request for reports submitted to the defendant by its retained experts on the basis that no particular need or necessity for the reports had been shown.

■ Although liberal discovery is generally encouraged by the Federal Rules of Civil Procedure, parties involved in litigation or acting in anticipation of litigation are entitled to hire experts, consultants, investigators, etc. for the purpose of aiding them in preparation for trial. In order to make full use of such agents, including those who are anticipated to testify at trial, the party and that party's attorney must have free communication with such agents. It is the opinion of this court that routine disclosure of reports prepared by experts in anticipation of litigation or in preparation for trial would substantially impede such communications and lead to the practice of avoiding the preparation of written reports in favor of oral communications to make certain that such written reports do not fall into the hands of the opposing parties. That is not a practice to be encouraged.

---

1. It is clear that reports prepared by experts in anticipation of trial are not covered by the work product privilege of *Fed.R.Civ.P.* 26(b)(3), which specifically provides that the privilege is subject to the provisions of Rule 26(b)(4).

On balance, the court concludes that, where there is no showing of any particularized need for such reports, such as might be the case in a particularly complex expert dispute, parties should not be required to produce their expert witness' reports which have been prepared in anticipation of litigation.[2]

The Motion to Compel Production of Plaintiffs' Expert's Report and File is therefore denied.

IT IS SO ORDERED.

2. In a case in which the expert is himself involved in the occurrence of underlying facts, such as an engineer whose design is at issue or a treating physician, his knowledge of the underlying facts and opinions formed other than in anticipation of litigation or in preparation for trial would not normally be covered by the restrictions of Fed.R.Civ.P. 26(b)(4).