Victor A. WEEKLEY and Lorraine
Weekley, Plaintiffs,

v.

TRANSCRAFT, INC., Defendant.

Civ. No. H 85–1053.

United States District Court,
N.D. Indiana,
Hammond Division.

Feb. 4, 1987.

Richard P. Komyatte, Komyatte & Free-
land, P.C., Highland, Ind., for plaintiffs.

Eric L. Kirschner, Galvin, Stalmack, Kir-
schner & Clark, Hammond, Ind., for de-
fendant.

## ORDER

ANDREW P. RODOVICH, United States
Magistrate.

This matter is before the Court on a
Motion for Protective Order filed by the
plaintiffs on November 7, 1986. For the
reasons set forth below, the motion is DE-
NIED.

On June 29, 1985, the plaintiff, Victor A.
Weekley, was driving a tractor trailer unit
in which his wife, Lorraine Weekley, was a
passenger. The plaintiffs were seriously
injured in a one-vehicle accident. The
plaintiffs have alleged that defective welds
on the trailer caused the trailer to break
apart which in turn caused the accident.
The plaintiffs maintain that the trailer was
manufactured by the defendant, Trans-
craft, Inc., and was distributed in a danger-
ous and defective condition.

The plaintiffs have retained Lyle Jacobs,
a metallurgist, as an expert witness. Ja-
cobs conducted a preliminary examination
of the trailer and determined that the
welds were defective. However, in order
to confirm his initial opinion, Jacobs was
required to perform certain tests on the
welds. These tests would require the de-

struction of the welds and substantial damage to the trailer. For obvious reasons, the owner of the trailer was unwilling to permit the destructive testing. Therefore, the plaintiffs were required to purchase the trailer for $9,894.35.

After this lawsuit was filed, the plaintiffs obtained leave of court to conduct the destructive testing on the trailer. The defendant did not object to the proposed test. Jacobs then removed the front eight feet from the trailer and transferred that portion of the trailer to his laboratory. Jacobs now maintains that the destructive testing confirmed his initial opinion that defective welds caused the trailer to break apart prior to the collision. The plaintiffs have designated Jacobs as a trial expert witness. Jacobs has submitted a bill to the plaintiffs in the amount of $15,232.75 for services rendered to date.

The defendant has attempted to take the deposition of Jacobs. Although the plaintiffs admit that the defendant has the right to take the deposition of their trial expert, they believe that the defendant first should be required to pay a portion of the expenses incurred in purchasing the trailer and having it analyzed by Jacobs. The defendant has acknowledged that it is obligated to pay Jacobs for appearing at the deposition and has offered to pay 10 percent, namely $1,523.28, of Jacobs' initial fee. Finding this offer unacceptable, the plaintiffs filed the Motion for Protective Order.

Since Jacobs has been designated as a trial expert witness, the taking of his deposition is controlled by Federal Rule of Civil Procedure 26(b)(4) which provides:

Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule, and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the

expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

\* \* \* \* \* \*

(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A)(ii) and (b)(4)(B) of this rule; and (ii) with respect to discovery obtained under subdivision (b)(4)(A)(ii) of this rule the court may require ... the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Since the plaintiffs have not challenged the defendant's right to take the deposition of Jacobs and since the defendant has agreed to compensate Jacobs for attending the deposition, the only remaining question is whether the defendant should be required to reimburse the plaintiffs for a portion of the expenses incurred in purchasing the trailer and obtaining the report from Jacobs.

Rule 26(b)(4) was designed to permit the parties to prepare adequately for cross-examination prior to trial and to avoid any surprises or other delays during the trial. [A] prohibition against discovery of information held by expert witnesses produces in acute form the very evils that discovery has been created to prevent. Effective cross-examination of an expert witness requires advance preparation. The lawyer even with the help of his own experts frequently cannot anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand. A

California study of discovery and pretrial in condemnation cases notes that the only substitute for the discovery of experts' valuation materials is "lengthy—and often fruitless—cross-examination during trial," and recommends pretrial exchange of such material. Similarly, effective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of issues and elimination of surprise which discovery normally produces are frustrated. (Citations omitted)

Notes of Advisory Committee on Rules, 1970 Amendment.

See generally: *Gorby v. Schneider Tank Lines, Inc.*, 741 F.2d 1015, 1018–19 (7th Cir.1984); *Pearl Brewing Company v. Joseph Schlitz Brewing Company*, 415 F.Supp. 1122, 1137 n. 6 (S.D.Tex.1976); and *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11, 14 (N.D.Ill.1972).

■ Rule 26(b)(4)(C)(ii) gives the trial court the discretion to determine what amount, if any, a party should be required to reimburse the opposing party for the trial expert's fee. One factor which must be considered is whether the party seeking to take the deposition is attempting to prepare for cross-examination or is attempting to obtain evidence for his own case in chief.

Past judicial restrictions on discovery of an adversary's expert, particularly as to his opinions, reflect the fear that one side will benefit unduly from the other's better preparation. The procedure established in subsection (b)(4)(A) holds the risk to a minimum. Discovery is limited to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be. *A party must as a practical matter prepare his own case in advance of that time, for he can hardly hope to build his case out of his opponent's experts.* (Emphasis added)

Notes of Advisory Committee on Rules, 1970 Amendment.

See generally: *In Re IBM Peripheral EDP Devices Antitrust Litigation*, 77 F.R.D.

39, 41 (N.D.Cal.1977); *Pearl Brewing*, 415 F.Supp. at 1137 n. 6; and *United States v. 23.76 Acres of Land*, 32 F.R.D. 593, 597 (D.Md.1963).

■ Since the plaintiffs have initiated this lawsuit by alleging that the defendant manufactured a trailer with defective welds, the plaintiffs have the burden of proving that the welds were defective. To meet this obligation, the plaintiffs retained the services of Jacobs, a metallurgist, to conduct various tests on the trailer. Unfortunately, the cost of modern litigation frequently is steep. In this case, the plaintiffs already have spent $25,127.10. However, the plaintiffs have made the decision to prosecute this lawsuit, therefore they must be prepared to accept the necessary expenses. It is unfair to expect a defendant to finance the preparation of the plaintiffs' case or to pay a substantial sum to learn the details of its alleged misconduct.

At this time, it appears that the defendant has attempted to take the deposition of Jacobs only to learn the nature of the plaintiffs' claim and to prepare for effective cross-examination of Jacobs. There has been no showing that the defendant intends "to build his case out of his opponent's experts." If it later appears that the defendant is attempting to use the plaintiffs' trial expert or the results of his tests in its own case in chief, an appropriate order will be entered requiring the defendant to reimburse the plaintiff.

Of course, the provisions of this order apply equally to both the plaintiffs and the defendant. After taking the deposition of Jacobs, in all likelihood the defendant will retain its own trial expert. The plaintiffs will be permitted to take the deposition of the defendant's trial expert without reimbursing the defendant for a portion of those expert witness fees.

The defendant is ORDERED to reimburse the plaintiff in the amount of $1,523.28 prior to the deposition of the plaintiffs' trial expert, Lyle Jacobs. The defendant further is ORDERED to reimburse Jacobs for his attendance at the dep-

osition. In all other respects, the Motion for Protective Order is DENIED.