Janice BOTTORFF, as Administratrix and Personal Representative of the Estate of George M. Bottorff, Deceased, Plaintiff,

v.

BETHLEHEM STEEL CORPORATION, Defendant.

Civ. No. H 89–15.

United States District Court, N.D. Indiana, Hammond Division.

March 20, 1990.

Terrence Smith, East Chicago, Ind., Dennis Carlson, Chicago, Ill., for plaintiff.

Charles A. Myers, Hammond, Ind., George W. Gessler, Chicago, Ill., for defendant.

ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion to Compel Interrogatory Answers filed by the defendant, Bethlehem Steel Corporation, on February 23, 1990. For the reasons set forth below, the Motion is DENIED.

George Bottorff, the husband of the plaintiff, Janice Bottorff, was killed while working at Bethlehem's Burns Harbor Plant. At the time of his death, Bottorff was employed by Serstell Corporation and was working as an independent contractor in the plant. The plaintiff filed this lawsuit

seeking compensation for the death of her husband.

■ On November 10, 1989, the plaintiff identified Robert Lippman, a civil engineer, as an expert witness who would testify at trial. After being notified that Lippman was a trial expert, Bethlehem served three interrogatories upon the plaintiff. The first interrogatory sought information concerning other cases in which Lippman testified either at trial or in a deposition. The second interrogatory requested information concerning any other cases in which Lippman had been retained by the plaintiff's attorney, Terrence L. Smith. The third interrogatory requested information concerning Lippman's income from his work as a litigation consultant. Although the plaintiff has conceded that the requested information is relevant, the plaintiff has refused to answer the interrogatories claiming that the information must be obtained through a deposition rather than from interrogatories.

Federal Rule of Civil Procedure 26(b)(4) provides:

> Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
>
> (A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. . . .

Rule 26(b)(4) has established a two-step process for conducting discovery relating to expert witnesses designated to testify at trial. Under Rule 26(b)(4)(A)(i), only certain limited information may be obtained through interrogatories. If a party intends to conduct additional discovery, he must proceed under 26(b)(4)(A)(ii). *See generally Norfin, Inc. v. International Business Machine Corporation*, 74 F.R.D. 529, 532 (D.Colo.1977); and 8 Wright & Miller, *Federal Practice and Procedure,* § 2030.

The information requested in the three interrogatories clearly is beyond the scope of Rule 26(b)(4)(A)(i). The defendant is entitled to conduct discovery to prepare for the cross-examination of an expert witness at trial, and Lippman's prior experience as a consulting expert is relevant to both his qualifications and potential bias. *See generally In Re Air Crash Disaster at Stapleton International Airport,* 720 F.Supp. 1442, 1444 (D.Colo.1988); *Bockweg v. Anderson,* 117 F.R.D. 563, 565 (M.D.N.C. 1987); and *Weekley v. Transcraft, Inc.,* 113 F.R.D. 683, 884–85 (N.D.Ind.1987). Although the defendant is entitled to the requested information, it must be obtained through a deposition.

The defendant correctly contends that interrogatories are a more efficient means of obtaining the desired information and that a deposition might be frustrated by the "expert's understandable inability to recite from memory the information requested." (Memorandum in Support of Motion to Compel, p. 3) Although this contention may be correct, the rigid guidelines of Rule 26(b)(4)(A)(i) must be followed. Additionally, the defendant's concerns may be resolved by serving a deposition subpoena on Lippman requiring him to produce any documents which may contain the requested information. Federal Rule of Civil Procedure 45(b).

■ The Motion to Compel also seeks an order requiring the plaintiff to answer an interrogatory previously served upon her. Interrogatory No. 9 provides:

> State the name, address and specialty of each person who plaintiff has consulted as an expert or who plaintiff expects to call as an expert witness at the trial of this case. For each such expert, state the following:
>
> (a) the subject matter upon which he/she is expected to testify;
>
> (b) the substance of the facts and opinions as to which he/she is expected to testify;

(c) a summary of the grounds of each such opinions [sic];

(d) each and every article, book, report or other writing upon which the expert will rely;

(e) each and every regulation, safety rule, work rule, statute or other safety provision upon which the expert will rely; and

(f) an itemization and description of each and every document and tangible thing which describes, mentions or in any way relates to the retention, communication with or opinion of the expert.

For the reasons previously stated, the plaintiff is not required to answer subparts (d) through (f) for any trial expert witnesses.

For purposes of discovery, there is a distinction between expert witnesses consulted by a party and expert witnesses who are designated to testify at trial. Information relating to experts who are not expected to testify at trial is governed by Rule 26(b)(4)(B) which provides:

A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Rule 35(b) relates to medical experts and is not applicable to this case. The defendant did not address the requirements of Rule 26(b)(4)(B) in its Memorandum, so no "exceptional circumstances" have been demonstrated.

For the foregoing reasons, the Motion to Compel Interrogatory Answers filed by the defendant on February 23, 1990 is DENIED.