Lester A. **ROSENBLUM** and, Thelma H. Rosenblum, Plaintiffs,

v.

**WARNER & SONS, INC.** and Reith–Riley, City of Elkhart, Indiana, Defendants.

Civ. No. S 89–432(S).

United States District Court, N.D. Indiana, South Bend Division.

Jan. 25, 1993.

Charles Asher and James Groves, South Bend, IN, for plaintiffs.

Andrew Sulen, Jr., South Bend, IN, for defendant Warner & Sons, Inc.

Peter Agostino, Kalamaros and Associates, South Bend, IN, for defendant Reith–Riley.

Robert T. Sanders, III, Elkhart, IN, for defendant Elkhart Common Counsel.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

The gyrations and machinations that the lawyers in this case are now engaging in are at best much ado about almost nothing and at worst a travesty in regard to how civil litigation should be conducted in a federal court. The paper trail in this case has become almost unmanageable. There are 161 entries in the docket sheet of this case since it commenced in this court. The United States Magistrate Judge was compelled to give over his extremely valuable judicial time to a dispute that involved less than $300.00. One is reminded of the statement made in the Army–McCarthy hearings in the United States Senate in 1954 by Boston attorney Joseph N. Welch when he said to Senator McCarthy about a particular document, "Isn't it true, Senator, that this document is a carbon copy of precisely nothing?" It is almost astounding that a United States magistrate judge and a United States federal district judge in 1992–1993 should be forced to spend valuable judicial time on such a petty dispute. This court is sorely tempted to assess *substantial* sanctions under either Rule 11, 16 or Rule 37 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.). Even after the Report and Recommendation carefully and thoroughly entered into by Magistrate Judge Pierce was entered on January 7, 1993, the quibbling continued. The filing by plaintiffs' counsel on January 15, 1993, reasserting positions taken on December 1, 1992, and the filing by the defendant Warner of a five-page appeal. Unfortunately, or perhaps fortunately, this particular species of civil litigation cannot always be accomplished to everyone's satisfaction with exact scientific certitude. Sometimes in this kind of civil litigation, the columns do not always square up absolutely. The Report and Recommendation of Magistrate Judge Robin D. Pierce is now in all things **APPROVED AND CONFIRMED.** This court expects immediate compliance therewith and will use its full authority to see that such is accomplished.

Not content with the mini-warfare over a few dollars, counsel have now engaged in a larger warfare about taking the deposition of Peter J. Agostino, an attorney of record in this case for the defendant Rieth Riley. The court has attempted to wade through approximately a half inch of paper filed respectively on December 22, 1992, December 30, 1992, and January 19, 1993. At the outset, it needs to be said that the motion filed on behalf of the plaintiff to take the deposition of Peter J. Agostino, which filing was on December 22, 1992, signed by counsel is not verified, although there are attached to the motion elaborate segments of the deposition of Dr. Charles Baran. Likewise, the filing by Mr. Agostino on December 30, 1992, is not verified although there are attached responses to interrogatories and requests for admissions. The same can be said for the reply filed on January 19, 1993.

Once again, this court is required to call upon the excellent services of United States Magistrate Judge Robin D. Pierce to conduct yet another evidentiary hearing and, additionally, to determine whether sanctions should be imposed under either Rule 11, 16 or 37, Fed.R.Civ.P. Magistrate Judge Pierce is given a wide charter to hear sworn testimony from but not limited to Peter Agostino, any other counsel in this case, or any other necessary witness, and is urged to proceed with this additional digression at the earliest possible time, understanding that this case is set for trial now on June 7, 1993, and to make a report and recommendation to this court. Since Magistrate Judge Pierce has

had vast experience in precisely this kind of civil litigation, he is uniquely qualified to determine what the proper parameters are with regard to the dealings between a counsel and medical expert witness and further to determine whether those boundaries have been improperly transgressed in this case.

It is altogether appropriate for counsel to prepare a witness for testimony. It is equally inappropriate for counsel to attempt to manipulate testimony or medical reports. In this regard, it will be for the magistrate judge to determine upon sworn testimony whether or not any of the transgressions that have been alleged against Mr. Agostino are true and if true, do they have any relevance to the issues in this case? What is being set in motion here are circumstances that could well undermine the trial date in this case.

There are in the bowels of the standing committee on rules of the Supreme Court of the United States proposals that would require the voluntary disclosure of a wide array of information without request and without court order. We now have in place experimental rules by various judges in this court along those lines. If that is the new legal world order it appears that the conduct of counsel in this case, perhaps on both sides, is something from the early dark ages.

If significant and relevant materials were withheld at the time that expert depositions were taken, counsel should look closely at *Gorby v. Schneider Tank Lines, Inc.*, 741 F.2d 1015 (7th Cir.1984). Counsel can be assured that this court well remembers the teaching of *Gorby* and will not tolerate any breach thereof.

Magistrate Judge Pierce should conduct all necessary proceedings, including an evidentiary hearing and make a report and recommendation with reference to the deposition of Peter J. Agostino and with reference to sanctions. Counsel are hereby admonished to fully cooperate with the magistrate judge in this regard. This court reserves the option of referring this matter to the Disciplinary Commission of the Supreme Court of Indiana.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

PIERCE, United States Magistrate Judge.

This cause is before the court on a motion by defendant, Warner & Sons, Inc. ("Warner"), for an order requiring plaintiffs to compensate Warner's testifying expert for attending his deposition by the plaintiffs and for the time and expenses he incurred in duplicating photographs and a videotape. For the reasons which follow, it is recommended that Warner's motion be granted with certain modifications.

### *Background*

The events leading up to Warner's present motion apparently began when plaintiffs failed to receive satisfactory answers to interrogatories under Fed.R.Civ.P. 26(b)(4)(A)(i), which sought information about the anticipated testimony of defendants' trial experts. Instead of filing a motion to compel answers to the interrogatories, however, plaintiffs elected to take the deposition of Charles N. French, an expert retained by Warner to inspect the plaintiffs' automobile, receiver, hitch and trailer. During that deposition, which was conducted at the office of Warner's counsel on September 17, 1992, plaintiffs' counsel, Charles Asher, asked for copies of a videotape and duplicates of photographs which Mr. French had taken in the course of his inspection. When Warner's counsel, Andrew Sulen, Jr., indicated that Mr. French had the only copy of the videotape, the following exchange occurred between Mr. Asher and Mr. French:

Q Mr. French, do you have copying capabilities on a videotape at your place?

A No, I don't. I could have it copied, but I don't have it in my office that I could do it.

Q If you could make a copy available, we'd be happy to supply a videotape, if that is all right, or I can even do it if you break the tabs and satisfy yourself.

Mr. Sulen thereupon stated: "Charlie will copy it for you—Charlie, the witness here, not Charlie Asher." (Deposition of Charles N. French, p. 18.)

Upon providing a copy of the videotape and duplicate photographs to Mr. Asher, Mr. French submitted the following bill:

### STATEMENT

### C.N. FRENCH CONSULTING CO.

16187 OAK HILL BLVD
GRANGER, INDIANA 46530
Phone 219–272–2371
Federal Tax ID 35–1662356

To:
Mr. Charles Asher
205 W. Jefferson
South Bend, Indiana 46601

Mail To:
C.N. French Consulting Co.
16187 Oak Hill Blvd.
Granger, In. 46530

| Charges for Deposition September 17, 1992 | |
|---|---|
| 5.00 Hrs. Deposition | $325.00 |
| Reprints of photographs & video tape reproduction | $118.46 |
| Total Due | $443.46 |

After receiving Mr. French's bill, Mr. Asher wrote to Mr. Sulen, objecting to the amount charged for the deposition as well as the expenses claimed in connection with the copying of the videotape and photographs. Mr. Sulen responded with a letter dated October 12, 1992, in which he sought to justify Mr. French's charges based upon an hourly rate of $65.00 for four hours spent in the deposition plus one hour for travel to and from the deposition. Mr. Sulen also furnished the following break-down of Mr. French's time and expenses for copying the videotape and photographs:

Photographs

| | |
|---|---|
| .5 HR | 32.50 |
| Reprints | 16.46 |
| | 48.96 |

Video

| | |
|---|---|
| Tape | 4.50 |
| 1 HR | 65.00 |
| | 69.50 |

TOTAL 118.46

Mr. Asher subsequently responded with a letter dated October 13, 1992, in which he offered to pay for four hours of Mr. French's time for attending the deposition and $20.96 in expenses in connection with furnishing copies of the videotape and photographs, for a total of $280.96. Mr. Sulen later refused Mr. Asher's check in that amount, and the parties' dispute over the $162.50 difference has since been laid at the court's doorstep.

*Discussion*

The requirement that the party seeking discovery pay an adverse party's expert for time spent in responding to discovery is well-established. Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure provides that "[u]nless manifest injustice would result, (i) the court *shall* require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . . ." (emphasis supplied.) *See*

*Chambers v. Ingram,* 858 F.2d 351, 360 (7th Cir.1988); *Benjamin v. Gloz,* 130 F.R.D. 455 (D.Colo.1990); *Rhee v. Witco Chemical Corp.,* 126 F.R.D. 45 (N.D.Ill.1989); *Sampson v. Orkin Exterminating Co., Inc.,* 124 F.R.D. 631, 634 (N.D.Ind.1989); *Weekley v. Transcraft, Inc.,* 113 F.R.D. 683 (N.D.Ind. 1987). "The purpose of the rule is to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *United States v. City of Twin Falls, Idaho,* 806 F.2d 862, 879 (9th Cir.1986); *see also Jochims v. Isuzu Motors, Inc. Ltd.,* 141 F.R.D. 493, 494 (S.D.Iowa 1992); 4 J. Moore, J. Lucas, & G. Grotheer, Jr., *Moore's Federal Practice,* ¶ 26.66[5] (2d ed. 1984).

In the present case, it is clear that Mr. French is entitled to compensation for the actual time he spent attending his deposition, and there appears to be no dispute as to the reasonableness of his hourly rate of $65. The court, however, does not consider it reasonable or appropriate to honor Mr. French's claim for time spent travelling between his office in Granger, Indiana, and the deposition at the office of Warner's counsel in nearby South Bend. Mr. French's original billing statement to Mr. Asher contained a brief claim for "5.00 Hrs. Deposition," and it made no reference to a claim for travel time to or from the deposition. It was not until Mr. Asher questioned the bill that Mr. French, through Warner's counsel, let it be known that he had included one hour of travel time in the five hours claimed. While that may have been obvious to Mr. French when he prepared the bill, it would have been less than apparent to the recipient, and it is altogether fitting and proper that Mr. French be left to bear some consequence of his lack of detail.

The court also declines to require plaintiffs to compensate Mr. French for one hour spent in copying the videotape and one-half hour spent in procuring duplicates of his photographs. These claims, which amount to $65 for duplicating a $4.50 videotape and $32.50 for procuring photographic reprints at a cost of $16.46, are unjustified. It does not take an expert to have a copy made of a videotape, and it does not take an expert to have duplicate photographs made through any local drugstore. Moreover, the deposition clearly shows that Mr. Asher offered to have a duplicate of the videotape made himself when he suggested: "... or I can even do it if you break the tabs and satisfy yourself." Mr. Sulen declined his offer, stating: "Charlie [the witness] will copy it for you...." (Deposition of Charles N. French, p. 18.) If Mr. French or Mr. Sulen had simply accepted Mr. Asher's offer, Mr. French would not have needed to spend his valuable time borrowing equipment and making a duplicate tape.

Accordingly, it is **RECOMMENDED** that Warner's motion be granted, but that plaintiffs be required to compensate Mr. French for only $280.96 of the amounts claimed.

**ANY OBJECTIONS** to this report and recommendation must be filed with the Clerk of courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Lockert v. Faulkner,* 843 F.2d 1015 (7th Cir.1988); *Video Views, Inc. v. Studio 21 Ltd.,* 797 F.2d 538 (7th Cir.1986).

Dated this 7th day of January, 1993.