Jessica **BROWN, Thomas Brown and Patricia Brown, Appellants–Defendants,**

v.

Gary **DOBBS, Appellee–Plaintiff.**

No. 64A04–9704–CV–155.

Court of Appeals of Indiana.

Feb. 9, 1998.

Andrew A. Crosmer, Timothy M. Swan, Timothy M. Swan & Associates, Merrillville, for Appellants–Defendants.

Robert P. Harper, Harper & Rogers, Valparaiso, Richard A. Miller, Mitchell A. Peters, Gouveia & Miller, Merrillville, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendants–Appellants Jessica Brown, Patricia Brown, and Thomas Brown (collectively, "Brown") appeal the trial court's denial of a motion for protective order in an action filed against Brown by Plaintiff–Appellee Gary Dobbs.

We affirm.

### ISSUES

Brown raises one issue for our review, which we restate as:

Whether the trial court erred in refusing to grant Brown's motion for a protective order and in consequently requiring Brown to respond to requests for discovery pertaining to Brown's insurer and an expert retained by Brown.

### FACTS AND PROCEDURAL HISTORY

On May 23, 1993, Brown and Dobbs were involved in an automobile accident which precipitated the filing of a complaint by Dobbs against Brown. Brown indicated that she was insured by State Farm Insurance Company (State Farm) and forwarded a report to Dobbs on "soft impact" collisions completed by Dr. Alfred Bowles, an expert from Biodynamics Research Corporation (Biodynamics). Dobbs sent interrogatories, a request for admissions, and a request for production to Brown. Fourteen of the fifteen interrogatories requested information regarding the relationship between State Farm and Biodynamics or scientific data from Biodynamics regarding testing performed by that entity. The interrogatories contained signature pages for affirmation from Brown, State Farm, Biodynamics, and Brown's attorney. The request for admissions all inquired about the relationship between State Farm and Biodynamics. The request for production called for information by way of documentation regarding a relationship between State Farm and Biodynamics, as well as scientific data compiled by Biodynamics in performing its research studies.

Brown responded to the discovery requests by filing a motion for a protective order. After a hearing and review of the written responses of the parties, the trial court denied the motion. In so doing, the trial court concluded that Dobbs had "established a strong inference of a relationship between [State Farm] and [Biodynamics]." It further concluded that even though State Farm "is not a direct party in this action, the court cannot close its eyes to the fact that the real party subject to a possible adverse judgment is [Brown's] insurance company, [State Farm]." (R. 86).

Brown petitioned the trial court for certification of the interlocutory order for purposes of appeal. The trial court granted the petition.

### DISCUSSION AND DECISION

Brown contends that the trial court abused its discretion in denying her motion for a protective order. She argues that the discovery exceeds the limits of Ind.Trial Rule 26(B)(4) because it imposes a substantial burden on her to gather and assimilate informa-

tion which far outweighs the probative value of the information to Dobbs. She also argues that the discovery forces her to conduct Dobbs's discovery for him. She further argues that the discovery sought should be conducted by directing T.R. 34(C) notices to produce to a non-party and T.R. 45(B) subpoenas to produce documentary evidence to State Farm and Biodynamics.

■ A trial court has broad discretion in ruling on discovery issues, and we will interfere only where an abuse of discretion is apparent. *ConAgra, Inc. v. Farrington,* 635 N.E.2d 1137, 1143 (Ind.Ct.App.1994). An abuse of discretion occurs only where the trial court's decision is against the logic and natural inferences to be drawn from the facts of the case. *Kovenock v. Mallus,* 660 N.E.2d 638, 642 (Ind.Ct.App.1996), *trans. denied.* Due to the fact-sensitive nature of discovery matters, a trial court's ruling is cloaked with a strong presumption of correctness on appeal. *ConAgra,* 635 N.E.2d at 1143.

■ In the present case, Dobbs conducted a significant amount of research before he requested discovery from Brown. He included this research in his response to the motion for protective order and in his brief statement at the hearing on the motion. The response set forth excerpts from depositions with Biodynamics's employees describing the symbiotic relationship between State Farm and Biodynamics. The response also explored the futility of directing conventional discovery to State Farm and Biodynamics. The response showed that employees of Biodynamics, including the expert named in the present suit, regularly testified in "soft impact" cases in which State Farm was the insurer, and Biodynamics received significant remuneration for such testimony and for "tests" which it conducted as support for its employees' testimony. The response further showed that Biodynamics responded to discovery about the scientific basis for its tests by inviting plaintiffs to view an edited tape of the test procedures for $2,000.00. Attached to the response was an affidavit from Biody-

namics's vice president stating that identification and duplication of Biodynamics's materials would cost a plaintiff approximately $110,000.00.

The trial court's order is not explicit concerning the reasons for denying Brown's motion. However, it is apparent that the trial court determined that even though Brown was named as the defendant, State Farm was the actual party providing the defense. Accordingly, discovery directed to Brown was discovery directed to State Farm. It is also apparent that the trial court determined that State Farm and Biodynamics would effectively prevent Dobbs from obtaining needed information through conventional discovery. Accordingly, the trial court determined that it was necessary to place the onus and cost of producing materials upon State Farm and Biodynamics.[1] The trial court's determination was within its discretion.

■ Brown also contends that Dobbs's goal in propounding requests for admission was improper. The essential function of requests for admission is to establish "facts," not to discover them. *F.W. Means & Co. v. Carstens,* 428 N.E.2d 251, 256 (Ind.Ct.App. 1981), *reh'g denied.* Here, Dobbs discovered facts about the relationship between State Farm and Biodynamics and the nature of the "tests" conducted by Biodynamics prior to requesting discovery from Brown. The requests for admissions were properly directed to establishing these facts for purposes of trial.

Brown further contends that she is not in a unique or unusual position which would allow her to easily obtain the information requested by Dobbs. As we stated above, the trial court determined that State Farm was actually providing the defense. The trial court apparently reasoned that State Farm had access to its own records, and through its relationship with Biodynamics it had access to their records. We cannot say that the trial court abused its discretion in making its determination.

1. Brown cites *Bottorff v. Bethlehem Steel Corp.,* 130 F.R.D. 97 (N.D.Ind.1990), for the proposition that the onus should not be placed upon a party through the use of broadly stated interroga-

tories. However, the *Bottorff* case also states that deviations from conventional discovery are warranted in exceptional circumstances. *Id.* at 99.

Finally, Brown contends that the interrogatories are, in part, improperly directed to his counsel. He argues that an interrogatory directed to a party's attorney forces the attorney to become a witness in the case. He cites Professor Harvey's observation that "[a]s a general rule, an interrogatory may not be addressed to an attorney for a party." 2 Harvey, *Indiana Practice* § 33.4, p. 790 (1987). We note that the trial court's order does not require Brown's attorney to become a party to the suit, and it should not be interpreted to do so.

## CONCLUSION

The trial court did not abuse its discretion in denying Brown's motion for a protective order.

Affirmed.

BAKER and NAJAM, JJ., concur.