470 P.2d 494

**Marion R. SUNDT, a widow, Petitioner,**

v.

**Gordon FARLEY, Judge of the Superior Court, In and For the COUNTY OF SANTA CRUZ, and State of Arizona, Respondents.**

**No. 2 CA–CIV 842.**

Court of Appeals of Arizona, Division 2.

June 5, 1970.

Rehearing Denied July 6, 1970.
Review Denied Sept. 22, 1970.

Dunseath & Stubbs, P. C., by Robert C. Stubbs, Tucson, for petitioner Sundt.

Gary K. Nelson, Atty. Gen., by Robert V. Kerrick, Asst. Atty. Gen., Phoenix, for respondents.

HOWARD, Chief Judge.

This is a special action wherein the petitioner claims the trial court abused its discretion and exceeded its jurisdiction by sustaining the respondent's objections to certain interrogatories.

■ The action below is an inverse condemnation action. Petitioner alleges that the trial court abused its discretion and exceeded its jurisdiction by sustaining respondent's objections to interrogatories 4, 5 C & F and 8. These interrogatories seek information as to the facts gathered by respondent's expert witnesses, their opinions as to the amount of respondent's damages, the basis for these opinions and if they made an appraisal report, to whom the report has been submitted. The interrogatories are similar to those propounded in the case of State ex rel. Willey v. Whitman, 91 Ariz. 120, 370 P.2d 273 (1962), a landmark case in the field of discovery in condemnation action. The court in *Whitman* held that the trial court erred in sustaining the objections, ruling that the interrogatories should be answered with the limitation that they be answered only as to those witnesses whom the State intended to use at the trial of the action. We, therefore, hold that the trial court abused its discretion in sustaining the objections.

■ The petitioner has also asked us to go beyond Whitman and require the respondent to answer the interrogatories without the limitation imposed by *Whitman*. This we are not inclined to do. Whether prior decisions of the highest court in a state are to be disaffirmed is a question for the court which makes the decisions. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

■ Petitioner also claims the court incorrectly sustained the State's objections to the following Interrogatory No. 2:

"State what the testimony of each witness, other than appraisal witnesses, will be."

An interrogatory which casts a party into the role of a soothsayer, requiring a prediction as to the testimony of a witness, is improper. The trial court properly sustained the objection to this interrogatory.

Relief is hereby granted and the respondent court is directed to enter its order compelling the State of Arizona to answer interrogatories 4, 5 C & F and 8, only as to those witnesses which the State intends to use at trial.

HATHAWAY, J., and LLOYD C. HELM, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD C. HELM was called to sit in his stead and participate in the determination of this decision.