Bonnie MANTOLETE, Plaintiff,

v.

William F. BOLGER, in his capacity as Postmaster General, United States Postal Service, Defendant.

No. Civ. 78–291 Phx. WPC.

United States District Court, D. Arizona.

Dec. 1, 1982.

Amy J. Gittler, Phoenix, Ariz., for plaintiff.

Elizabeth Jucius Dunn, Asst. U.S. Atty., Phoenix, Ariz., Barbara S. Fredericks, Atty., U.S. Postal Service, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

This is an action by Bonnie Mantolete against William F. Bolger, United States Postmaster General. Mantolete alleges that the Postal Service denied her employment as a "machine distribution clerk" on the basis of a handicap in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791. Mantolete had epilepsy at the time she applied for employment with the Postal Service.

A pretrial order which now governs the course of proceedings in this action was filed on September 20, 1982. Plaintiff then filed a motion in limine seeking to limit evidence which may be presented as to the issue of whether defendant had some legitimate, nondiscriminatory reason to not hire Mantolete. Plaintiff also filed a motion to compel production of documents, answers to interrogatories and to allow the deposition of a consultant of defendant.[1] Each motion is discussed separately below, with inclusion of additional facts as necessary.

### I. *Motion to Compel.*

On August 16, 1982, defendant disclosed to plaintiff the identity of an expert witness, Chris Schulenberger, a rehabilitation engineer. Plaintiff then filed a Notice of Deposition which included a list of documents pertaining to the Mantolete matter which the witness would be asked to bring with him at the deposition. The deposition was scheduled for October 5, 1982; however, on October 1 defendant withdrew Schulenberger as an expert witness who would testify at trial and notified plaintiff that Schulenberger would not be voluntarily produced for deposition. In response to inquiries by the plaintiff, on October 15 defendant further made clear that the documents requested would not be provided. Plaintiff then filed this motion seeking to compel production of the documents and a deposition, if necessary, following review of the documents. Defendant contends that this request is improper because Mr. Schulenberger is a Postal Service expert who will not testify, and thus his opinions are not subject to discovery.

Under Rule 26(b)(4) of the Federal Rules of Civil Procedure, experts are separated into two major categories with different discovery limitations. Rule 26(b)(4)(A) allows an opponent to discover the name and substance of the testimony of experts who will testify at trial. Rule 26(b)(4)(B), on the other hand, governs the facts and opinions of experts who are not to be used at trial, but are instead retained only in anticipation of litigation or preparation for trial. These experts are subject to a more restrictive discovery standard. For experts not expected to testify, the rule is that discovery can only take place upon a showing of "exceptional circumstances" under which it is "impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." *See Maine Petroleum Co. v. Champlin Petroleum Co.,* 641 F.2d 984, 990 (D.C.Cir.1980); *Hoover v. United States Department of the Interior,* 611 F.2d 1132, 1142 (5th Cir.1980). The reason for this rule is that while pretrial exchange of discovery regarding experts to be used as witnesses aids in narrowing the issues, preparation of cross examination and the elimination of surprise at trial, there is no need for a comparable exchange of information regarding non-witness experts who act as consultants and advisors to counsel regarding the course the litigation should take. *Inspiration Consol. Copper Co. v. Lumbermen's Mutual Cas. Co.,* 60 F.R.D. 205, 210 (S.D.N.Y.1973); *United States v. John R.-Piquette Corporation,* 52 F.R.D. 370, 372–73 (D.Mich.1971).

---

1. Plaintiff in her reply has withdrawn portions of her motion to compel. Only those portions currently before this court will therefore be discussed.

■■ In the instant case, rehabilitation engineer Schulenberger is a non-witness expert of defendant. Plaintiff has retained her own rehabilitation engineer, Robert Roehl, whom she plans to use as a witness at trial. Plaintiff does not dispute that her witness, as a rehabilitation engineer, is fully able to provide the plaintiff with the necessary facts and his opinions of the relevant issues. Plaintiff also admits that she does not seek Mr. Schulenberger's testimony to prove her case. Under these circumstances, the requisite showing of "exceptional circumstances" does not exist to avoid the Rule 26(b)(4)(B) barrier. Plaintiff has adequate "other means" to obtain facts and opinions on the subject matter of this case. Discovery of the opinions of defendant's nonwitness consultant therefore cannot be allowed. *See Inspiration Consol. Copper Co. v. Lumbermen's Mutual Cas. Co.,* 60 F.R.D. 205, 210 (S.D.N.Y.1973); *Bailey v. Meister Brau, Inc.,* 57 F.R.D. 11, 14 (D.Ohio 1972). Plaintiff's motion to compel is accordingly denied.[2]

II. *Motion in Limine.*

■■ In cases under Title VII and the Rehabilitation Act, the plaintiff has the initial burden of proof to make out a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801–02, 93 S.Ct. 1817, 1823–24, 36 L.Ed.2d 668 (1973).[3] As part of this prima facie case, a Rehabilitation Act plaintiff must prove that she is a "qualified handicapped." This entails proof that plaintiff "can perform the essential functions of the position without endangering [plaintiff's] ... health and safety [or that of others]." *Prewitt v. United States Postal Service,* 662 F.2d 292, 307 (5th Cir.1981); *see Southeastern Com-*

*munity College v. Davis,* 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). Once a prima facie case is shown, the burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the refusal to hire. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). The legitimate nondiscriminatory reason, however, cannot be based upon facts not known to the defendant at the time of its refusal to hire. *Nanty v. Barrows Co.,* 660 F.2d 1327, 1332 (9th Cir.1981). Therefore, explanations for not hiring based on facts not known at the time of rejection are irrelevant to a defense of legitimate nondiscriminatory refusal to hire. *Id.*

In the instant action, when Mantolete applied to work for the Postal Service, she was given a physical examination by a doctor and a medical report was compiled. In addition, Postal Service application forms and pre-employment forms requested certain information regarding Mantolete's prior employment experience. Plaintiff accordingly contends in the instant motion that defendant be precluded from defending its action based upon evidence and information other than that which the Postal Service had at the time of its refusal to hire. Under defendant's reasoning, then, only the above-outlined information as to medical and work history would be relevant to the issues in this case.

■■ Plaintiff's argument, however, overlooks the fact that before the burden shifts to defendant to justify its refusal to hire, plaintiff must first show a prima facie case of discrimination which includes demonstrating that she is "qualified handi-

2. Plaintiff contends that defendant's recharacterization of Schulenberger as a non-witness was solely to avoid discovery and constitutes a gross abuse of the federal rules. This argument, however, is without merit. The defendant is permitted to execute the trial strategy it deems appropriate to defend its case; this extends to changing the status of an expert, which thereby narrows the scope of discovery. *See Bailey v. Meister Brau, Inc.,* 57 F.R.D. 11, 13–14 (D.Ohio 1972). Since Schulenberger will

not testify and plaintiff has alternate sources of expert information in this case, there is no reason to disregard Rule 26(b)(4)(B). Moreover, notice of the change in Schulenberger's status was given sufficiently in advance of the scheduled deposition and the close of discovery as provided in the pretrial order.

3. Title VII case law is made applicable to Rehabilitation Act cases under 29 U.S.C. § 791 by 29 U.S.C. § 794a.

capped" and can perform the essential functions of the position without endangering her safety or that of others. *Prewitt v. United States Postal Service,* 662 F.2d 292, 307 (5th Cir.1981); see 29 C.F.R. § 1613.-702(g) (1982). It is defendant's position in this case that plaintiff was not a "qualified handicapped" individual. Defendant therefore argues that evidence with respect to Mantolete's actual physical condition at the time she applied for the job is probative of the issue in this case of whether her medical condition was of such a nature that she could perform the "essential functions" of the job. *See* 29 C.F.R. § 1613.702(g) (1982). This view is correct, given the prima facie case plaintiff must establish.[4] Plaintiff's motion as to medical evidence of Mantolete's physical condition at the time of application for employment is therefore denied.

 Plaintiff also argues that defendant should not be permitted to introduce employment records it did not have at the time of its decision not to hire Mantolete. Plaintiff, however, concedes that in making out a prima facie case in employment discrimination actions, a plaintiff's qualifications for a position may be established through evidence of employment history, experience or educational background. Plaintiff intends to present such evidence in this action as part of her prima facie case. Defendant is entitled to rebut this evidence to show that plaintiff was not qualified and that therefore no prima facie case of discrimination exists.[5] Plaintiff's motion with respect to employment history is also denied.

IT IS ORDERED:

1. Plaintiff's motion to compel discovery is in all respects denied.

2. Plaintiff's motion in limine is in all respects denied.

4. Plaintiff's view is that the Postal Service cannot defend its action based on information it did not have. Plaintiff still must establish a prima facie case of discrimination, however, to which the defendant may produce rebuttal evidence. It should also be noted that even if the sole issue in this case was defendant's justification for not hiring Mantolete, additional evidence by defendant would be admissible to demonstrate that the Postal Service's articulated reason for not hiring plaintiff was based on a reasonable standard of medical care and was thus correct.

5. Plaintiff's argument with respect to employment records again goes solely to the situation where defendant is attempting as a defense to meet its burden of articulating a legitimate, nondiscriminatory reason for not hiring. In the instant action, plaintiff must demonstrate in the first place that she is "qualified" in order to make out a prima facie case.