742 P.2d 864

**STATE of Arizona, ex rel., Charles L. MILLER, Director, Department of Transportation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, Honorable Marilyn A. Riddel, a judge thereof, Respondent Judge,**

**The Estate of Leo J. Wieck, Deceased, Real Party in Interest.**

No. 1 CA–SA 221.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 10, 1987.

**364**

Robert A. Corbin, Atty. Gen. by Barry A. McNaughton, Asst. Atty. Gen., Phoenix, for petitioner.

Warner, Angle, Roper & Hallam by Clark W. Watkin, Jr., Phoenix, for Peoria Development Co., Inc. and Peoria Estates.

Dushoff & McCall by Jack McCall and Thomas K. Irvine, Phoenix, for real parties in interest.

## OPINION

EUBANK, Presiding Judge.

We accepted jurisdiction in this special action to determine the extent to which Rule 26(b)(4)(B), Arizona Rules of Civil Procedure, permits discovery of a non-trial expert appraiser's opinion, who is specially retained by the state in anticipation of eminent domain litigation.

This special action was filed on July 8, 1987. Following a hearing on July 10, 1987, we granted the petitioner's application for an interlocutory stay precluding discovery of the opinion of Dennis Lopez pending our consideration of this matter. On August 5, 1987, following conference, we accepted jurisdiction in this special action and proceeding and continued the stay until the filing of this decision. We take jurisdiction pursuant to Rule 1, Arizona Rules of Procedure for Special Actions.

In the underlying eminent domain action, respondent, ("property owner"), sought to depose Dennis Lopez, a real estate appraiser hired by the state to appraise the subject real property, and obtain his appraisal report. Petitioner, ("the state"), moved for a protective order based upon Rule 26(b)(4)(B), which provides:

> A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of *exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.*

(Emphasis added). The state does not presently expect to call the appraiser to testify, but concedes that if it should decide to do so, the appraiser will become subject to normal discovery procedures.

Although neither party has specified the arguments which were made to the trial court for and against the protective order, the state specifically alleges in its petition, and the property owner admits in its response, that the appraiser was specially retained in anticipation of eminent domain litigation, and that the state does not expect to call him as a witness at trial. Significantly, however, the property owner fails to argue that exceptional circumstances exist under which it is impracticable to conduct discovery by other means. Therefore, Rule 26(b)(4)(B) appears to bar the requested discovery unless some reason exists why the rule should not apply to this case.

With no explanation, and in particular, with no reference to Rule 26(b)(4)(B), the trial court summarily denied the state's motion for protective order. We recognize that in discovery matters a trial court has broad discretion, which we will not disturb unless that discretion is abused. "The discretion, however, is a legal discretion. ... It does not include the privilege of incorrect application of law or a decision predicated upon irrational bases." *Brown v. Superior Court*, 137 Ariz. 327, 331–32, 670 P.2d 725, 729–30 (1983).

The property owner argues that discovery should be permitted from the state's specially retained, non-trial appraiser based upon the constitutional duty incumbent upon the state to pay just compensation. *See* Ariz.Const. Art. II, § 17; U.S.Const. amend. V. In support of this proposition, the property owner cites *United States v. Meyer*, 398 F.2d 66 (9th Cir.1968):

> [A]ppraisers not called as witnesses may have discovered facts, applied techniques, or arrived at opinions which, though not acceptable to the government, were nevertheless relevant to the subject matter of the litigation and helpful to the landowner. It would be intolerable to allow a party to suppress unfavorable evidence by deciding not to use a retained expert at trial.

*Id.* at 76. The property owner thus suggests that the scope of discovery as to specially retained, non-trial experts in condemnation actions should be based upon mere "relevancy" or "helpfulness." *Meyer*, however, is not binding on the Arizona courts.

To the contrary, the Arizona cases unambiguously bar routine discovery of facts and opinions held by specially retained, non-trial appraisers in condemnation actions. The leading Arizona case on this point is *State v. Whitman*,[1] 91 Ariz. 120, 370 P.2d 273 (1962), in which an interrogatory requesting the names and addresses of all individuals who had been employed to appraise or who had appraised the property in question was found to be too broad because it included persons "who might have been consulted but whose testimony [was] not intended to be used." *Id.* at 125–26, 370 P.2d at 277. *See also Sundt v. Farley*, 12 Ariz.App. 346, 347, 470 P.2d 494, 495 (1970).

Although both *Whitman* and *Sundt* involved interrogatories, rather than deposition of the expert himself or production of expert appraisal reports, the particular means employed to obtain discovery is not relevant. Rule 26(b)(4)(B) refers broadly to the term "discovery," rather than any particular means of discovery. The rule bars discovery from specially retained, non-trial experts by any means, absent a showing of "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

We decline to dilute the clear meaning of Rule 26(b)(4)(B). The trial court abused its discretion in denying petitioner's motion for a protective order. We therefore grant special action relief, and order the trial court to grant petitioner's motion for a protective order with respect to the appraiser in question.

HAIRE, C.J., and JACOBSON, J., concur.

---

1. Parenthetically, we note that the Arizona State Bar Committee, in recommending the 1970 amendment of Rule 26(b) stated:

   [Unlike trial experts] an expert who may have been specifically retained for litigation ... will be subject to discovery only "upon a showing of exceptional circumstances." The rule as amended is not intended to change or impair the scope of *State v. Whitman*, [91 Ariz. 120, 370 P.2d 273 (1962)], in any way whatsoever.

   State Bar Committee Note, 16 A.R.S. Rules of Civil Procedure at 214.