**CP KELCO U.S. INC., Plaintiff and Counter–Defendant,**

v.

**PHARMACIA CORPORATION, Defendant, Counter–Claimant and Third–Party Plaintiff,**

v.

**Lehman Brothers Merchant Banking Partners II, L.P., et al., Third–Party Defendants.**

**No. CIV.A.01–240–KAJ.**

United States District Court, D. Delaware.

Feb. 11, 2003.

---

Josy W. Ingersoll, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for CP Kelco U.S. Inc. and Lehman Brothers Merchant Banking Partners II, L.P.

Richard D. Kirk, Morris, James, Hitchens & Williams, Wilmington, DE, for Pharmacia Corp.

Philip Trainer, Jr., Ashby & Geddes, Wilmington, DE, for Hercules 2000, LLC and Hercules Inc.

### MEMORANDUM ORDER

JORDAN, District Judge.

Before the Court is the objection (Docket Item ["D.I."] 234) of plaintiff, CP Kelco US, Inc. ("CP Kelco"), to the Magistrate Judge's ruling of October 29, 2002 (D.I. 224) that Pharmacia Corporation ("Pharmacia") need not produce documents that it had provided to an expert witness. Because the Magistrate Judge's ruling was based on an erroneous application of the law,[1] the objection of CP Kelco is sustained, the October 29, 2002 Order of the Magistrate Judge is vacated, and the documents at issue must be produced.

The factual circumstances behind the Magistrate Judge's ruling are, in all material respects, not contested. Pharmacia retained a gentleman named Schnapf to testify as an expert witness. (See D.I. 224 at 1–2.) At the deposition of Mr. Schnapf, CP Kelco learned that he had reviewed documents which had not been produced to CP Kelco, despite the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4)(A). (See D.I. 234 at 4; 224 at 1.) Pharmacia apparently acknowledged that Schnapf had indeed reviewed documents that had not been produced but took the position that the documents were privileged. (See D.I. 236 at 9 ("Pharmacia has consistently refused to disclose the demanded information ....").)

CP Kelco brought the matter to the Magistrate Judge, seeking to compel production of the documents and to resume the Schnapf deposition.[2] (D.I. 224 at 1–2.) Coincidentally, at the same time the dispute over the documents and the Schnapf deposition was coming to a head, the Magistrate Judge issued a Report and Recommendation suggesting that certain environmental claims in the case be dismissed. (D.I. 213; D.I. 224 at 2.) Whether because its legal position with respect to privilege had become untenable or because of the Magistrate Judge's recommendation regarding dismissal of the environmental claims, or perhaps both, Pharmacia determined that Mr. Schnapf's services as

---

1. Pharmacia correctly notes (D.I. 236 at 5–6) that the October 29, 2002 Order was with respect to a non-dispositive matter and is therefore subject to review under the standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). As to the Magistrate Judge's rulings of law, the Court's review is plenary. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992). Because, as is set out more fully herein, the legal conclusion upon which the Magistrate Judge based her ruling is contrary to law, the October 29, 2002 Order cannot stand.

2. In its objection to the October 29, 2002 Order, CP Kelco seeks only to compel the production of the documents that have been withheld. (D.I. 234 at 9.)

a testifying expert were no longer required and it asserted that he was now an expert as to whom the controlling discovery provision is Federal Rule of Civil Procedure 26(b)(4)(B). (D.I. 224 at 2–3.) According to Pharmacia, because it had decided not to call Mr. Schnapf to the stand, he must now be viewed as an expert specially retained but not expected to testify at trial and therefore, under Rule 26(b)(4)(B), further discovery associated with him, including document discovery, would be inappropriate. (*See* D.I. 224 at 2–3.)

The Magistrate Judge accepted that argument. She recognized that, pursuant to the Advisory Committee notes to Rule 26, litigants may not "argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." (D.I. 224 at 3.) And she further noted that "when an expert testifies or is deposed, privilege is waived regarding materials furnished to that expert." (*Id.*) Nevertheless, she concluded that "since the environmental issues to which Mr. Schnapf's report and testimony and preparation thereof were directed have been dismissed, ... his opinions, conclusions and analyses and the bases for them are no longer a part of or relevant to the case ∴..." (*Id.* at 5–6.) That conclusion is contrary to law in three significant ways.

First, the environmental claims have not been dismissed from the case, but are at this stage only subject to a report and recommendation from the Magistrate Judge, which is in turn the subject of timely filed and still pending objections by CP Kelco. (*See* D.I. 220.)

Second, even if the Magistrate Judge's recommendation regarding dismissal were to be accepted by the Court, it does not follow that the documents at issue are irrelevant to other claims that would remain in the case. CP Kelco has identified a colorable argument, at least at this stage of the proceedings, for the potential relevance of the information it seeks, whether or not the environmental claims are dismissed. (*See* D.I. 234 at 6–7.)

Documents do not become irrelevant for all purposes simply because one of the issues to which they pertain is no longer in contention. On the contrary, the definition of "relevance" under the Federal Rules of Evidence is famously broad, *see* Fed.R.Ev. 401, and, commensurate with that breadth, the tools of discovery for uncovering relevant evidence cut a wide swath. CP Kelco's argument for the relevance of the documents is sufficient to put the documents, shorn of their privilege, within the reach of properly propounded discovery.

Pharmacia asserts that CP Kelco's theory of relevance was not argued to the Magistrate Judge, an unusual contention since Pharmacia also asserts that "CP Kelco repeats the very arguments the Magistrate Judge already rejected." (D.I. 236 at 4.) However, whether argued or not, the point that CP Kelco makes was apparently contemplated by the Magistrate Judge at or about the time of her October 29, 2002 Order, since she noted in her Report and Recommendation on summary judgment, issued on October 2, 2002, that "facts relating to what [CP Kelco] did know, or should have known through adequate environmental due diligence...may negatively impact its ability to prevail on any fraud claim...." (D.I. 213 at 30.) Moreover, since the letter briefing on CP Kelco's motion to compel was submitted before the October 2, 2002 summary judgment report and recommendation and therefore before Pharmacia claimed a shift in status for its expert Mr. Schnapf (*see* D.I. 224 at 2), the fact that alternative theories of relevance were not advanced is neither surprising nor a point in Pharmacia's favor. In any event, review of the Magistrate Judge's rulings of law is plenary. *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3d Cir.1992). While it is typically not good practice to advance new arguments in an objection to rulings by the Magistrate Judge, the Court is free to consider on plenary review the legal implications of all aspects of the issue before it. Finally on the issue of relevance, Pharmacia argues that "relevance can *never* serve as the basis for the waiver of the attorney-client privilege." (D.I. 236 at 13; emphasis in original.) That may be true, but it misses

the point. It is not relevance alone that constitutes the waiver in this case. It is the disclosure of the allegedly privileged information to an expert that Pharmacia put forward to give expert testimony.

The third and, for this case, most important way in which the Magistrate Judge's ruling is contrary to law is in its implicit conclusion that a party's knowing waiver of the attorney-client privilege can somehow be "unwaived." Waiver is the deliberate relinquishment of a right which might otherwise be claimed. Except in limited circumstances not apposite here,[3] a right that is waived is not available to be picked up again as if it were a handy tool. *See United States v. Krasnov,* 143 F.Supp. 184, 191 (E.D.Pa. 1956)("The privilege once waived cannot be regained."), *aff'd sub nom., Oppenheimer v. United States,* 355 U.S. 5, 78 S.Ct. 38, 2 L.Ed.2d 22 (1957); *cf., Rogers v. United States,* 340 U.S. 367, 371, 71 S.Ct. 438, 95 L.Ed. 344 (1951) (discussing 5th Amendment privilege against self-incrimination, the Supreme Court noted that, having waived the privilege, one cannot later assert it: "To uphold a claim of privilege in this case would open the way to distortion of facts by permitting a witness to select any stopping place in the testimony.").

In the context of an assertion of privilege, the inviolability of that rule is of fundamental importance. It would be manifestly unfair to allow a party to use the privilege to shield information which it had deliberately chosen to use offensively, as Pharmacia did in this instance when it used the allegedly privileged documents to arm its expert for testimony. (*See* Fed.R.Civ.P. 26(b)(4)(a) and Advisory Committee note.) Hence the truism that a privilege cannot be used as both a shield and a sword. *See United States v. Rylander,* 460 U.S. 752, 758, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). The non-legal equivalent of that truism is equally to the point: "You can't have it both ways." Having chosen to use the information offensively, any privilege

Pharmacia might have claimed to defend the information from disclosure is, and remains, waived.

The Court cannot accept Pharmacia's novel claim that parties are free to invoke an already waived privilege simply by changing the designation of an expert from "testifying" to "non-testifying." As the Magistrate Judge noted, "[b]y the time Pharmacia withdrew Mr. Schnapf as its expert, not only had his report been produced, but his deposition had begun." (D.I. 224 at 4.) CP Kelco had been seeking the information in question, they claim, since propounding discovery in July of 2001. (D.I. 234 at 8.) It would provide a perverse incentive to dilatory discovery practice if, because of the fortuitous timing of a tentative ruling on a partially dispositive motion, the Court were to allow a party to escape disclosure of documents it has shown to a testifying expert.

Pharmacia made a judgment. It chose to designate an expert to testify, to show him certain documents, and to submit him for deposition cross-examination. Under those circumstances, its failure to disclose documents which it should have disclosed prior to the deposition cannot shield those documents from disclosure now.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the objection of CP Kelco is sustained; the Magistrate Judge's Order of October 29, 2002 is vacated; and Pharmacia is directed to produce forthwith all documents disclosed to Mr. Schnapf, as required by Federal Rule of Civil Procedure 26.

---

**3.** There is authority indicating that disclosure of privileged information can, in certain circumstances, create a limited waiver or be not considered a waiver at all. *Cf., Upjohn v. United States,* 449 U.S. 383, 387, 394, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)(limited disclosure of privileged information to law enforcement authorities did not constitute waiver of attorney-client privilege). Nothing in the circumstances before the Court involves the policy considerations allowing for such a selective waiver.