IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|  |  |  |
|---|---|---|
| LISA FRANK GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2 CA-SA 2006-0062 |
| | ) | DEPARTMENT A |
| HON. KAREN NYGAARD, Judge Pro | ) | |
| Tempore of the Superior Court of the | ) | O P I N I O N |
| State of Arizona, in and for the County of | ) | |
| Pima, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES GREEN, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. D 20050545

JURISDICTION ACCEPTED; RELIEF GRANTED

Karp Heurlin Weiss
  By Leonard Karp and Laura Belleau                                    Tucson
                                                   Attorneys for Petitioner

Kathleen A. McCarthy & Associates, P.L.L.C.
  By Kathleen A. McCarthy and Scott Lieberman                          Tucson
                                          Attorneys for Real Party in Interest

P E L A N D E R, Chief Judge.

**¶1** At issue in this special action, which arises from a dissolution of marriage action, is the scope of discovery permitted of an expert accountant retained in anticipation of litigation who was initially listed as a witness and who testified about matters pendente lite but was withdrawn as a witness before trial. Petitioner Lisa Frank Green contends the respondent judge abused her discretion when she granted real party in interest James Green's motion to compel production of the expert's "entire file pertaining to Lisa and/or James Green and/or Lisa Frank Inc." In the context of the specific facts of this case, we agree. Accordingly, we accept jurisdiction of the special action and grant relief by vacating the respondent judge's discovery order.

## Background

**¶2** The discovery dispute arose after a pre-decree hearing was convened to address the parties' possession of liquid assets pendente lite. Lisa had called Byron Fox, a financial consultant, to testify at the hearing on March 24, 2006, and designated him as an expert witness for trial while the continued hearing was still pending. On March 28, James subpoenaed Fox's entire file relating to the parties and Lisa Frank Inc., to be produced at the continued hearing on March 31. Lisa objected to the subpoena.

**¶3** On March 31, Fox sent a letter to James's counsel objecting to the requested production and did not produce any materials when he appeared at the scheduled hearing

2

that day. After Lisa's counsel complained that she had been given inadequate time to brief her objection to the subpoena, the respondent judge delayed ruling on production of the file pending further briefing. At the respondent's suggestion, James cross-examined Fox that day and reserved the right to recall him if the court later ordered disclosures pursuant to the subpoena.

¶4 Sometime after that hearing, Lisa produced only those portions of Fox's file she believed to be related to the subject matter of his testimony at the hearing and expected testimony at trial. Lisa also moved to modify James's subpoena to limit the scope of production to those documents related to the subject of Fox's testimony.[1] James opposed that motion and on May 23 moved to compel the production of all documents requested in his subpoena. The two motions were set for hearing on June 27. Before that hearing was held, however, two critical events occurred: (1) on May 26, the respondent judge approved a stipulation of the parties that resolved the distribution of liquid assets pendente lite and

---

[1]In her petition, Lisa cites *Arizona Independent Redistricting Commission v. Fields*, 206 Ariz. 130, 75 P.3d 1088 (App. 2003), and *Slade v. Schneider*, 212 Ariz. 176, 129 P.3d 465 (App. 2006), in support of her argument that the required production was limited to those documents related to the subject of Fox's testimony. Although James does not dispute the standard applied in those cases, he maintains that it allows for broad discovery of experts. James also complains that file documents that were not voluntarily disclosed were not indexed in a privilege log or subjected to in-camera review. Lisa contends the respondent judge was offered an opportunity to review in camera the documents withheld from production but declined to do so. In any event, in view of our disposition on the merits, we do not address these collateral issues.

vacated all further hearings on that issue, and (2) on June 6, Lisa withdrew her designation of Fox as a trial witness.

¶5		After the June 27 hearing on the parties' discovery dispute, the respondent judge concluded that Lisa,

> by calling Mr. Fox as a witness to testify in preliminary matters not only as to facts, but also by giving opinion testimony, ha[d] waived any privilege that may have existed regarding Mr. Fox as a consulting expert with respect to the issues before this court, regardless of whether Mr. Fox has testified to the issues to date or not.

The respondent judge then compelled disclosure of Fox's files, in their entirety, as requested in James's subpoena. This petition for special action followed.

## Jurisdiction

¶6		Although we do not "routinely entertain petitions for extraordinary relief on discovery matters," *Jolly v. Superior Court*, 112 Ariz. 186, 188, 540 P.2d 658, 660 (1975), special action jurisdiction may be appropriate because a discovery order is not appealable. *See* Ariz. R. P. Spec. Actions 1(a), 17B A.R.S.; A.R.S. § 12-2101; *Michael Weller, Inc. v. Aetna Cas. & Sur. Co.*, 126 Ariz. 323, 327, 614 P.2d 865, 869 (App. 1980). Moreover, a special action "'is the proper means to seek relief'" when a party believes a trial court has ordered disclosure of material protected by a privilege or work product shield. *Emergency Care Dynamics, Ltd. v. Superior Court*, 188 Ariz. 32, 33, 932 P.2d 297, 298 (App. 1997) (work product immunity), *quoting Church of Jesus Christ of Latter-Day Saints v. Superior Court*, 159 Ariz. 24, 25-26, 764 P.2d 759, 760-61 (App. 1988) (clergy-penitent privilege);

4

*see also Yuma Reg'l Med. Ctr. v. Superior Court*, 175 Ariz. 72, 74, 852 P.2d 1256, 1258 (App. 1993) (peer review privilege). Special action jurisdiction also is appropriate when the issue involves interpretation or application of civil procedure rules, *see Jones v. Buchanan*, 177 Ariz. 410, 411, 868 P.2d 993, 994 (App. 1993), and when the respondent judge's alleged abuse of discretion concerns "a pure issue of law that may be decided without further factual inquiry." *Winner Enterprises, Ltd. v. Superior Court*, 159 Ariz. 106, 108, 765 P.2d 116, 118 (App. 1988) (motion to intervene pursuant to Rule 24, Ariz. R. Civ. P., 16 A.R.S., Pt. 1). Finally, this special action presents issues of first impression, further warranting acceptance of jurisdiction. *E.g., Callan v. Bernini*, No. 2 CA-SA 2005-0085, ¶ 4, 2006 WL 711117, *1 (Ariz. Ct. App. Mar. 22, 2006). For all these reasons, we accept jurisdiction of this special action.

**Discussion**

¶7　　　　　A trial court has broad discretion in resolving discovery disputes. *Brown v. Superior Court*, 137 Ariz. 327, 331, 670 P.2d 725, 729 (1983). "But when a judge commits an 'error of law . . . in the process of reaching [a] discretionary conclusion,' [s]he may be regarded as having abused [her] discretion." *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, ¶ 10, 63 P.3d 282, 285 (2003), *quoting Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982) (first two alterations in *Twin City*). Rule 26(b)(4)(A), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, permits discovery as a matter of course from "any person who has been identified as an expert whose opinions may be presented at trial." But Rule

5

26(b)(4) also "distinguishes sharply between testimonial and consulting experts." *Emergency Care Dynamics*, 188 Ariz. at 36, 932 P.2d at 301; *compare* Ariz. R. Civ. P. 26(b)(4)(A) *and* 26(b)(4)(B). Thus, although "Arizona authorities have granted expansive scope for . . . pretrial discovery from expert witnesses," and that scope encompasses discovery related to "the expert's relations with the hiring party and its counsel," discovery from consulting experts is prohibited "except 'upon a showing of exceptional circumstances.'" *Emergency Care Dynamics*, 188 Ariz. at 35-36, 932 P.2d at 300-01, *quoting* Ariz. R. Civ. P. 26(b)(4)(B); *see also State ex rel. Miller v. Superior Court*, 154 Ariz. 363, 364-65, 742 P.2d 864, 865-66 (App. 1987).

¶8        In *Emergency Care Dynamics*, Division One of this court addressed the discovery available when an expert has been retained as both a consultant and an expert witness and held that a party waives the work product protection ordinarily afforded the work of a consulting expert when the party designates that expert to testify at trial. 188 Ariz. at 36, 932 P.2d at 301. As that court explained: "An expert may be either a witness or a protected consultant, but not both. 'Counsel must choose.'" *Id., quoting Furniture World, Inc. v. D.A.V. Thrift Stores, Inc.*, 168 F.R.D. 61, 63 (D.N.M. 1996).

¶9        In further construing the rule it had announced in *Emergency Care Dynamics*, Division One has stated that "a party who has named a consultant as an expert can reinstate the [work product shield] by removing that designation before expert opinion evidence is offered through production of a report, responses to discovery, or expert testimony." *Ariz.*

6

*Minority Coal. for Fair Redistricting v. Ariz. Indep. Redistricting Comm'n*, 211 Ariz. 337, ¶ 83, 121 P.3d 843, 865 (App. 2005). As Division One said in *Arizona Minority Coalition*:

> [O]nce an expert witness is redesignated, the opposing party is strictly limited to disclosure related to the new designation. *See, e.g., Mantolete v. Bolger*, 96 F.R.D. 179, 182 ([D. Ariz.] 1982). In *Mantolete*, the court reasoned that when a defendant changed its expert's designation from "testifying expert" to "non-testifying" expert under Rule 26(b)(4) of the Federal Rules of Civil Procedure, discovery by plaintiff was limited to the restrictions set forth for non-testifying experts. *Id*. The court rejected the plaintiff's argument that the redesignation of the witness was simply a way to avoid discovery and thus a gross abuse of the federal rules. *Id*. at 182 n.2. Instead, the court opined that the "defendant is permitted to execute the trial strategy it deems appropriate to defend its case; this extends to changing the status of an expert, which thereby narrows the scope of discovery." *Id.*

211 Ariz. 337, ¶ 84, 121 P.3d at 865.

**¶10** Although *Arizona Minority Coalition* found reinstatement of work product protection occurs when a witness designation is withdrawn "before expert opinion evidence is offered," *id*. ¶ 83, the court there was not required to address the issue raised here: Whether the work product protection associated with an expert consultant may be restored by withdrawing an expert's witness designation after that expert has testified for a limited purpose during a pretrial hearing and after the parties have resolved by stipulation the matter on which the expert previously testified. Thus, we address this issue as a matter of first impression.

7

¶11 First, we concur with Division One that the "mere . . . designation" of an expert witness does not create "a permanent waiver of [work product protection] that [can]not be revoked."[2] *Id.* ¶ 82. As one federal court construing the identical provisions of Rule 26, Fed. R. Civ. P., has explained:

> Rule 26(b)(4)(B) is designed to promote fairness by preventing access to another party's diligent trial preparation. In contrast, Rule 26(b)(4)(A) is designed to allow the opposing party an opportunity to adequately prepare for cross-examination at trial, a concern that does not exist when the expert will not be called at trial. Thus, fairness requires that Rule 26(b)(4)(B)'s protections apply to a consulting expert who will not be called to testify at trial, regardless of whether the party who retained the expert at one time had intended to call the expert to testify.

*Employer's Reinsurance Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422, 426 (D. Kan. 2003).[3] Restoring the work product protection of Rule 26(b)(4)(B) appears to be the majority approach in these cases, even when the expert's witness designation is withdrawn

---

[2]Although *Arizona Minority Coalition* refers to a waiver of the legislative privilege at issue in that case, its analysis is based on Rule 26(b)(4), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, the same rule we consider here. *Ariz. Minority Coal. for Fair Redistricting v. Ariz. Indep. Redistricting Comm'n*, 211 Ariz. 337, ¶¶ 82-85, 121 P.3d 843, 855 (App. 2005). As Division One has since explained: "In *Arizona Independent Redistricting Commission v. Fields*, 206 Ariz. 130, 75 P.3d 1088 (App. 2003), this court determined that the legislative privilege, like the work-product immunity, may be waived by designating a consulting expert as a testifying expert." *Slade v. Schneider*, 212 Ariz. 176, ¶ 22, 129 P.3d 465, 469 (App. 2006).

[3]Federal cases addressing Rule 26(b)(4) are persuasive, as "uniformity in interpretation of our rules and the federal rules is highly desirable." *Orme Sch. v. Reeves*, 166 Ariz. 301, 304, 802 P.2d 1000, 1003 (Ariz. 1990); *see also* Ariz. R. Civ. P. 26(b)(4) 1970 State Bar Committee Note (noting drafting committee's "strong desire to maintain substantial uniformity between the State and Federal Rules").

after his or her opinions have been disclosed. *See FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002); *see also Employer's Reinsurance Corp.*, 213 F.R.D. at 426 n.11 (collecting authorities).[4]

¶12 We have found no authority specifically addressing whether an expert's immunity from discovery may be restored when the redesignation to nonwitness status occurs after the expert has testified at a pretrial motion hearing on issues subsequently resolved by stipulation. Under the unusual circumstances of this case, and guided by the plain language of Rule 26(b)(4) and the policies it embodies, we conclude that James is not

---

[4]*House v. Combined Insurance Co. of America*, 168 F.R.D. 236, 245-46 (N.D. Iowa 1996), is the case most often cited for a court's declining to apply Rule 26(b)(4)(B)'s "exceptional circumstances" test when an expert witness designation had been withdrawn. *House* involved a plaintiff's interest in discovery from and testimony by an expert who had conducted an independent psychological examination pursuant to Rule 35, Fed. R. Civ. P., and was later withdrawn as an expert. 168 F.R.D. at 238-39. The court held that, although the plaintiff was no longer "entitled" to discovery pursuant to Rule 26(b)(4)(A), her access to the expert should be based on a discretionary "balancing of probative value against prejudice under Fed. R. Evid. 403." 168 F.R.D. at 246. In *House*, the court inquired about the correct application of Rule 26(b)(4) when "a Rule 35 medical examination has occurred" and noted the "kind of reliance" created by "submission to a medical examination by the designated expert." 168 F.R.D. at 246. *House* has been distinguished on its facts and found inapplicable in other contexts. *See FMC Corp.*, 196 F. Supp. 2d at 1046; *see also Lehan v. Ambassador Programs, Inc.*, 190 F.R.D. 670, 672 (E.D. Wash. 2000) (declining to follow *House*; "exceptional circumstances" test applied to Rule 35 expert withdrawn as witness).

9

entitled to additional discovery of Fox's file, absent the showing and finding of exceptional circumstances required by Rule 26(b)(4)(B).[5]

¶13 Under Rule 26(b)(4), a party is entitled to discovery from any person identified as an expert "whose opinions will be presented at trial," Rule 26(b)(4)(A), but must show exceptional circumstances to conduct discovery of an expert "who is not expected to be called as a witness at trial." Ariz. R. Civ. P. 26(b)(4)(B). In this case, Fox's testimony might have been relevant to the distribution of assets pendente lite when discovery was first sought, but that issue was rendered moot when James and Lisa reached a stipulated resolution, which the respondent judge approved, of those matters. Any interest James might have had in preparing to cross-examine Fox at a continued hearing was similarly extinguished by the stipulation; the parties agreed that the continued hearing would be vacated.[6]

---

[5]Rule 26(b)(4)(B) permits discovery from specially retained, nontrial experts only upon a showing of "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Such circumstances "may exist where 1) the object or condition at issue is destroyed or has deteriorated after the non-testifying expert observes it but before the moving party's expert has an opportunity to observe it; or 2) there are no other available experts in the same field or subject area." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002); *see also State ex rel. Miller v. Superior Court*, 154 Ariz. 363, 364, 742 P.2d 864, 865 (App. 1987) (discovery of nonwitness appraiser precluded; property owner failed to establish that it was "impracticable to conduct discovery by other means"); *cf. State ex rel. Corbin v. Ybarra*, 161 Ariz. 188, 194, 777 P.2d 686, 692 (1989) (hazardous chemical report prepared by expert consultant in criminal case protected by work product immunity where soil samples were available to both parties; Rule 26(b)(4)(B) cited by analogy).

[6]We are thus not persuaded by James's argument that his counsel "had not concluded her cross-examination before the end of the adjourned hearing" and that, because his "right of cross-examination of Mr. Fox is broad, . . . [Fox's] entire file . . . is subject to discovery." By stipulation, James has waived his right to any further cross-examination of Fox.

**¶14** In addition, by the time the respondent judge entered her order granting James's motion to compel discovery, Fox had been withdrawn as a witness. The judge ultimately did not rely on Fox's testimony to resolve any material issue in the underlying case, and Fox will not testify again at trial or otherwise. Because James has no need to prepare for cross-examination of Fox, "there is no reason to disregard Rule 26(b)(4)(B)," *Mantolete*, 96 F.R.D. at 182 n.2, and the relevant inquiry is whether James can establish the exceptional circumstances required to justify discovery of a consulting expert's files.

**¶15** We are influenced in our decision by the fact that neither Fox's prior testimony nor the stipulated distribution of assets pendente lite will have any bearing on the final resolution of any issue at trial. *See* A.R.S. § 25-315(F)(1) and (3) (a temporary order in a dissolution proceeding "does not prejudice the rights of the parties . . . which are to be adjudicated at the subsequent hearings in the proceeding" and "terminates when the final decree is entered or when the petition for dissolution . . . is dismissed"). The value of assets and distribution of property will be considered anew before a final decree is issued. By withdrawing her designation of Fox as a witness, Lisa has waived her right to offer Fox's opinions in any further proceeding.

**¶16** At oral argument in this court, James relied on *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176 (D. Del. 2003), to support his assertion that Lisa could not reinstate Fox's protection from discovery by withdrawing him as a witness after he had testified and expressed his opinions. In that case, Kelco had begun the deposition of

Pharmacia's designated expert witness on Kelco's environmental claim when it learned that not all documents reviewed by the expert had been disclosed. *Id*. at 177. Kelco continued the deposition and moved to compel production of the documents, and Pharmacia opposed the motion based on attorney-client privilege. *Id*. at 178. While Kelco's motion to compel production was pending, Pharmacia withdrew the expert from its witness list. *Id*. The district court ruled that disclosure was required, despite Pharmacia's redesignation of its expert, for the following reasons: (1) the court's conclusion that "the privilege once waived cannot be regained"; (2) the expert disclosures might have been relevant to something other than the expert's testimony; and (3) the environmental claim was still pending in the action. *Id*. at 178-79.

**¶17** The first prong of the court's ruling in *Kelco*, however, is incompatible with Arizona law. As noted earlier, although an Arizona litigant waives the Rule 26(b)(4)(B) protection afforded to an expert consultant once that expert is identified as a witness, that waiver is not necessarily irrevocable. *See Ariz. Minority Coal.*, 211 Ariz. 337, ¶¶ 82-85, 121 P.3d at 865. And, although Arizona recognizes that Rule 26(b)(4)(A) provides an "expansive scope for pretrial discovery from expert witnesses" in support of "free-ranging, skeptical cross-examination," *Emergency Care Dynamics*, 188 Ariz. at 36, 932 P.2d at 301, the scope of disclosure, even as to expert witnesses, is limited to documents "'relating to the subject of the expert's testimony.'" *Slade v. Schneider*, 212 Ariz. 176, ¶¶ 23-24, 129 P.3d

12

465, 469 (App. 2006), *quoting Ariz. Indep. Redistricting Comm'n v. Fields*, 206 Ariz. 130, ¶ 50, 75 P.3d 1088, 1103 (App. 2003).

**¶18**        Accordingly, under the circumstances presented here, we reject *Kelco*'s suggestion that further disclosure is required to permit discovery of information that, though unrelated to the prior expert testimony, might be relevant in some other way. Rule 26(b)(4)(A), like other discovery rules, is not meant to be used for "'wild fishing expeditions.'" *State Farm Mut. Auto. Ins. Co. v. Superior Court*, 167 Ariz. 135, 138, 804 P.2d 1323, 1326 (App. 1991), *quoting Comm'n on the Courts, Report on the Task Force on Court Productivity* 66 (1989); *cf. State v. Hatton*, 116 Ariz. 142, 150, 568 P.2d 1040, 1048 (1977). Most important, in contrast to the situation in *Kelco*, the subject matter of Fox's testimony—the distribution of assets pendente lite—does not remain an issue in this case because the parties have stipulated to its resolution. And Lisa's counsel has avowed that Fox's opinion testimony will not be used for any other purpose in this case, at trial or otherwise.[7] In sum, we do not find *Kelco* persuasive or applicable to the situation presented here.

---

[7]Given that avowal, we find unpersuasive James's assertions at oral argument that Fox's prior testimony touched on some still-pending issues and might later be used or relied on by Lisa's new expert or the trial court in future rulings. Any issues relating to Fox's testimony that might arise in the future are not before us and are based on sheer conjecture. In addition, the limited record before us neither includes Fox's testimony nor otherwise supports James's speculative concerns.

¶19      The respondent judge, like the trial court in *Arizona Minority Coalition*, "misinterpreted the impact" of Lisa's original designation of Fox as a witness and her later withdrawal of that designation. 211 Ariz. 337, ¶ 82, 121 P.3d at 865. Our holding is limited to the facts before us, and we do not suggest that work product protection may always be restored by withdrawing a witness designation, even after an expert has testified about preliminary matters. We recognize that the subjects of pretrial testimony might not always be as readily segregated from trial issues as they are here. In this case, in which Fox's only testimony related to an allocation of certain liquid assets and expenses pendente lite that was ultimately resolved by a stipulation of the parties, the respondent judge abused her discretion in ruling that Lisa had irrevocably "waived any privilege that may have existed" in her consultations with Fox "with respect to the issues before [the] Court, regardless of whether Mr. Fox has testified to the issues to date or not."

¶20      Because we hold that the respondent judge erred in granting James's motion to compel production of additional documents, we need not reach the issue of whether the subpoena's scope should have been limited to those documents already voluntarily disclosed. We grant special action relief and vacate the respondent judge's order of June 27, 2006.


                                                    _____
                                                    JOHN PELANDER, Chief Judge

CONCURRING:

14

_____
JOSEPH W. HOWARD, Presiding Judge


_____
GARYE L. VÁSQUEZ, Judge