NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SOHA ABDELRAHMAN, *Petitioner,*

*v.*

THE HONORABLE DANIEL MARTIN, a Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of MARICOPA, *Respondent Judge*

*v.*

MESA UNIFIED SCHOOL DISTRICT #4, *Real Party in Interest*

No. 1 CA-SA 17-0065
FILED 4-13-2017

Petition for Special Action from the Superior Court in Maricopa County
No.  CV2016-003770
The Honorable Daniel Martin, Judge

**JURISDICTION ACCEPTED, RELIEF GRANTED**

COUNSEL

Mick Levin, PLC, Phoenix
By Sandra Lemon
*Counsel for Petitioner*

Appel Law Office PLLC, Fountain Hills
By Marc A. Appel
*Counsel for Real Party In Interest*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**B R O W N**, Chief Judge:

¶1 Soha Abelrahman ("Mother") seeks special action relief from the superior court's order requiring disclosure of her twelve-year-old son's ("Son") privileged medical records. The court ordered the disclosure on the basis that Mother "has placed her son's medical condition in issue in connection with her claims against Defendant," meaning Son's physician-patient privilege had been impliedly waived. Because we conclude that the court erred in finding waiver, we accept jurisdiction and grant relief.

**BACKGROUND**[1]

¶2 Mother and Son filed a notice of claim against Mesa Unified School District #4 (the "District") arising from an accident in which a District bus rear-ended a car occupied by Mother and Son, causing injuries to each of them. The notice, filed by counsel, indicated that Mother and Son would accept settlements of $20,000.00 and $10,000.00, respectively. When no pre-litigation resolution was reached, Mother sued the District for negligence. Son was not named as a plaintiff and Mother did not seek damages arising out of Son's injuries. Given the amount in controversy, the case was referred to compulsory arbitration by the superior court.

¶3 As the litigation progressed, Mother testified at a deposition that due to the injuries she sustained in the accident, she was unable to take care of Son, or perform tasks such as "regular activity like I was doing before, like cooking, cleaning in my house, driving the kids to school." She further asserted she was unsure if she would be seeking additional

---

[1] Our analysis here is based only on the documents provided to us in this special action, which include the following documents filed in the superior court: notice of claim, complaint, Mother's interlocutory appeal of the arbitrator's discovery ruling, the District's response, Mother's reply, and the superior court's order denying the interlocutory appeal. No depositions or medical records have been provided; however, several quotations from the depositions are included in the parties' memoranda.

treatment for her injuries because "I'm real busy with my son. He was sick for a [long] time and all of our care and attention was to him."

¶4         The District then sought disclosure of Son's medical records, asserting that Mother placed them at issue and she had thus waived the physician-patient privilege. The arbitrator ruled that the medical records were discoverable, and the District subsequently requested the following documents from Mother:

> all medical records in connection with the fall 3-4 months ago and hurt left leg referred to in the attached Palmer Chiropractic Consultation history for [Son] and all subsequent medical records including, but not limited to, the subsequent surgery referred to during [Mother's] deposition that occurred in December of 2015 and any follow up treatment in connection with that surgery.

¶5         Mother appealed the arbitrator's ruling, arguing the privilege had not been waived, and even if it had, the "waiver must be narrowly tailored to the particular medical condition at issue." The District responded that "plaintiff has waived her son's doctor-patient privilege in connection with the treatment her son received in connection with the subject motor vehicle accident" by giving deposition testimony "regarding how her son's injuries and treatment contributed [sic] her injuries and limited the treatment she received for her injuries."

¶6         The superior court denied Mother's interlocutory appeal, finding that Mother had placed Son's "medical condition in issue in connection with her claims against [the District], and accordingly has waived the physician-patient privilege." Mother then petitioned for special action relief from this court.

## JURISDICTION

¶7         Special action review "is the proper means to seek relief when a party believes a trial court has ordered disclosure of material protected by a privilege." *Green v. Nygaard*, 213 Ariz. 460, 462, ¶ 6 (App. 2006) (internal quotation marks omitted). "Special action jurisdiction is also appropriate . . . when the respondent judge's alleged abuse of discretion concerns a pure issue of law that may be decided without further factual inquiry." *Id.* (internal quotations and citations omitted). Given these considerations, we accept jurisdiction.

**DISCUSSION**

**¶8**        The only issue we address here is whether Mother impliedly waived Son's physician-patient privilege by placing his medical condition at issue as part of her claims against the District.

**¶9**        We review the superior court's ruling in a discovery dispute for an abuse of discretion, recognizing that the court may abuse its discretion if it commits an error of law in the process of reaching a discretionary conclusion. *Green*, 213 Ariz. at 462, ¶ 7. "The existence and scope of an evidentiary privilege is a question of law we review de novo." *Rasor v. Northwest Hosp., LLC*, 239 Ariz. 546, 555, ¶ 27 (App. 2016).

**¶10**        The physician-patient privilege precludes a physician from being examined about any communications made by the patient concerning the patient's condition or any knowledge of the condition obtained through personal examination of the patient without the consent of the patient, or the patient's conservator or guardian. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2235. The privilege holder may voluntarily consent to "be examined" as to any privileged communication, thereby effectuating an *express* waiver of the protection of the privilege. *See* A.R.S. § 12-2236; *Bain v. Superior Court (Mills)*, 148 Ariz. 331, 333 (1986) (noting that "statutes relating to the psychologist-patient privilege and the attorney-client privilege are unique by containing express provisions specifying the conduct which will be deemed a waiver of the privilege"). The District has made no assertion that Mother expressly waived Son's physician-patient privilege.

**¶11**        Arizona also recognizes, however, the concept of *implied* waiver of privilege. *See Bain*, 148 Ariz. at 334 ("[W]here a privilege holder . . . places a particular medical condition at issue by means of a claim or affirmative defense, . . . then the privilege will be deemed waived with respect to that particular medical condition."); *see also* 8 WIGMORE ON EVIDENCE 855, § 2388 (McNaughton Rev. 1961) ("A waiver is to be predicated . . . when the conduct (though not evincing that intention) places the claimant in such a position, with reference to the evidence, that it would be unfair and inconsistent to permit the retention of the privilege. It is not to be both a sword and a shield."). The scope of implied waiver of the physician-patient privilege extends only to privileged communications concerning the specific condition that has been voluntarily placed at issue by the privilege holder. *See Bain*, 148 Ariz. at 334.

**¶12**        The patient is the holder of the privilege and, as such, is the only person who can waive it; however, when the patient is a minor child,

in some circumstances the child's parents, as "legal guardians," may be found to have waived the child's privilege. *See Duquette v. Superior Court (Lamberty)*, 161 Ariz. 269, 272 n. 5 (App. 1989) (finding that parents who filed a medical malpractice case waived their minor son's physician-patient privilege, as his "legal guardians," by including him as a plaintiff in the lawsuit and thereby placing his medical condition at issue). We assume, without deciding, that the parents of a child, without being formally appointed as the "guardian[s] of the patient," may expressly or impliedly waive the privilege on behalf of the child, but presumably may only do so if such consent is in the interests of the child (as opposed to the interests of the parents).

¶13        Mother argues the court-ordered disclosure is improper because she did not place Son's medical condition at issue in a way that results in a waiver. She contends that a "nonparty cannot be forced to waive their privilege for another party's lawsuit."

¶14        The District relies on *Duquette*, in which this court concluded that a minor patient's parents impliedly waived the physician-patient privilege by placing their minor son's medical condition at issue through initiation of a medical malpractice suit. 161 Ariz. at 272. In that case, however, the minor child was a party to the litigation. *Id.* at 270. In finding implied waiver, we reasoned that the parents (1) placed their son's medical condition at issue by filing suit, (2) claimed their son's medical expenses as damages in their claims, and (3) failed to object to the testimony of their son's treating physicians when that testimony was offered at a medical liability review panel hearing. *Id.* at 272. Based on those factors, none of which are present here, *Duquette* found an implied waiver of the physician-patient privilege held by the minor son. *Id.*

¶15        In this case, Mother is the only named plaintiff. Son is not a party to this litigation, and Mother has not sought to recover Son's medical expenses as part of her claim for damages. Mother timely objected, and continues to object, to disclosure of Son's medical information. And no evidence provided has effectuated an implied waiver.

¶16        The District argues nonetheless that Mother waived the privilege when she "plac[ed] her son's medical condition in issue in connection with [her] claims against [the District] by . . . claiming that her injuries were aggravated by and that she did not get treatment because of an injury to her son that her son and his medical records state were caused by the subject motor vehicle accident." But privileged records from a third party (including a minor child) are not discoverable under those

circumstances.  The District has not cited, nor has our research revealed, any authority suggesting that a parent may unilaterally waive a non-party child's privilege as part of the parent's personal injury claims that do not allege personal injury to the child or seek recovery for the child's injuries. Thus, we hold that Mother has not waived Son's physician-patient privilege.

## CONCLUSION

**¶17**        Because we conclude that the superior court erred in finding that Mother impliedly waived Son's physician-patient privilege regarding his medical records, we vacate the court's order compelling disclosure of Son's medical records and remand for further proceedings consistent with this decision.  In our discretion, we deny both parties' request for attorneys' fees.



AMY M. WOOD • Clerk of the Court
FILED:  AA